# Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.

### Statutory Action of Detinue.

1. *Action of detinue; where action should be brought.*—Under the provisions of the statute (Code, § 2640), an action of detinue may be brought in the county of the permanent residence of the defendant,

or in the county where the wrongful or tortious detention of the property may occur.

2. *Same; same; suit against a corporation.*—The statute (Code, § 2642), which authorizes a suit against a corporation in any county in which it does business by agent is not the only authority to sue a corporation outside the county of its domicil; but under the influence of section 2640 of the Code an action of detinue may be maintained against a corporation in the county where the wrongful detention of the property occurs.

3. *Detinue against a corporation; plea in abatement as to venue of suit.* In an action of detinue against a corporation, a plea in abatement to the jurisdiction of the court, which alleges that before and at the time of the institution of the suit, the defendant resided outside of the county where the suit was brought, and that neither at the commencement of the action, nor since, had it done business in said county, but fails to negative the fact that the wrongful or tortious detention of property occurred in the county where the suit was brought, is demurrable and fatally defective.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This was a statutory action of detinue brought by the Montgomery Iron Works against the Eufaula Oil & Fertilizer Company. The facts pertaining to the rulings of the trial court, which are reviewed on this appeal, are sufficiently stated in the opinion. Upon the overruling of the plaintiff's demurrer to the defendant's plea in abatement, the plaintiff filed a replication, to which the court sustained a demurrer interposed by the defendant.

Issue being joined upon the plea in abatement, the jury returned a verdict in favor of the defendant upon said plea ; and judgment was rendered dismissing the cause for the want of jurisdiction of the court. From this judgment, the plaintiff prosecutes the present appeal, and assigns as error the rendition thereof, and the overruling of the demurrer to the plea in abatement, and the sustaining of the defendant's demurrer to the plaintiff's replication to said plea.

W. S. THORINGTON, for appellant.—The contention of the appellant is, that the entire chapter three of the Code, relating to venue, is to be taken and construed as a whole, aud that so construing it, corporations stand upon precisely the same footing as individuals, except

[Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.]

that they are subject to be sued in any county where they do business by an agent, whether the suit be upon contract or otherwise, while an individual can only be sued outside of the county of his residence, when the act or omission complained of may have been done, or may have occurred, in the county in which the suit is brought. The effect of section 2642, therefore, is not to abridge or limit the operation of section 2640, as regards corporations, but on the contrary, enlarges the remedy against corporations, by authorizing actions against them, even on contracts in any county in which they do business by agent—*Home Protection of North Alabama v. Richards*, 74 Ala. 466.

It will be observed that the action in this case is in detinue, and that the suit is brought in Montgomery county, and that the defendant's plea by way of defense to the action simply sets up that the defendant resides in Barbour county, and was not, at the commencement of the suit or since doing any business in Montgomery county by agent. This plea was demurred to on the grounds stated, and we insist, that in view of the nature of the action disclosed by the complaint, is no answer thereto. As the nature of the action appears from the face of the complaint to be of that class authorizing suit where the act or omission complained of occurred, it was incumbent upon the defendant to negative in his plea the fact that the cause of action accrued in Montgomery county. The plea, without that negative averment, might have been an answer to the suit, if the latter had been brought upon a contract, but the suit being for an act occurring in Montgomery county, it could be no answer to the action, without showing that the act complained of did not occur in Montgomery county. In other words, all that is set out in the plea might be true, and yet the action be properly brought in Montgomery county. personal property belonging to the plaintiff. At the

GRAHAM & STEINER, *contra*—The defendant could not be sued in the county of Montgomery, when its permanent residence and principal place of business was in Barbour county, and was not, at the time of the bringing of the suit, doing any business, by agent or otherwise, in Montgomery county. The gist of the action of detinue is for the wrongful detention of

time the suit was brought, the defendant was not doing business, by agent or otherwise, in Montgomery county, nor, in fact, did it have any agent at all, so far as the evidence discloses, in that county, for any purpose. If it had no agent at that time in the county, there is no method by which legal service of the summons and complaint could have been made upon it in this cause. In the case of *Sullivan v. Sullivan Timber Co.*, 103 Ala. 371, BRICKELL, C. J. says: "The well established and settled principle is that to give a court jurisdiction, a real defendant, against whom the plaintiff is entitled to a judgment, must be found and served with process, within the limits of the jurisdiction, or some property or chose in action of his must be found there, upon which the court can proceed *in rem*."

The law of Alabama requires that all actions or contracts must be brought in the county in which the defendant, or one of the defendants resides, and all other personal actions, if the defendant, or one of the defendants, has within the State a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done, or may have occurred.—Code of 1886, § 2642. When suit is brought out of the county of the residence of a corporation, in cases *in personam*, as the case before us, the condition precedent and essential fact is, that such corporation must be doing, not that it has done, business in the county, at the time of bringing the suit.—*Sullivan v. Sullivan Timber Co.*, 103 Ala. 371.

BRICKELL, C. J.—This was an action of detinue instituted by the appellant against the appellee. The appellee pleaded in abatement, alleging that before and at the time of the commencement of the suit it was residing at Eufaula, in the county of Barbour; and that neither at the time of the commencement of the action, nor since, was it doing business in the county of Montgomery by agent. The appellant demurred to the plea, assigning several causes which may be thus enumerated: *first*, that it was not shown by the plea that the act complained of did not occur in the county of Montgomery; *second*, that the action is not founded on contract; *third*, that the plea is inappropriate to the action; *fourth*, that detinue is not of the class of actions, which

[Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.]

must necessarily be brought within the county of the residence of the defendant. The demurrers were overruled, and overruling them, is the matter of the first assignment of error.

The statute (Code, § 2640) provides, that actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant has a permanent residence; and that all other personal actions may be brought in the county of the permanent residence of the defendant, "or in the county in which the act or injuries complained of may have been done, or may have occurred." The predecessor of the statute, required that all personal actions, all actions not "for the recovery of real property or the possession thereof, or for a tresspass thereto," should be brought in the county of the permanent residence of the defendant, if he was a resident freeholder or householder of the State. Code of 1876, § 2928. A comparison of the two statutes indicates the scope and effect of the later statute. As to personal actions, by which is intended all other than "actions for the recovery of land, or the possession thereof, or for a trespass thereto," if not founded on contract, they may be brought within the county of the permanent residence of the defendant, or in the county in which the act or omission complained of may have been done, or may have occurred. In this class of actions the plaintiff may elect the forum of suit—he may sue in the county of the permanent residence of the defendant, if the defendant has such residence, or he may sue in the county in which the tort was committed; in which the cause of action arose.

The gist of the action of detinue is the wrongful or tortious detention of the property, not the original caption or convertion.—1 Brick. Dig. 571, § 2; 3 Brick. Dig. 307, § 15. Wherever this may occur, at the election of the party aggrieved, may become the place of suit. As the plea does not negative the fact that the wrongful detention of the chattels occurred in the county of Montgomery, it was subject to the demurrer. It seems to be founded on the misconception, that the statute, (Code, § 2642), which authorizes a suit against a corporation in any county in which it may do business by agent, is the only authority for a suit against a corporation without the county of its domicil. This may

be true as to all actions *ex contractu*, but it is not true as to actions *ex delicto*. These actions, the plaintiff has an election to pursue in the county in which the cause of action arises—in which the tort or wrong is committed—or in the county of the residence of the defendant.

The city court erred in overruling the demurrer to the plea; it should have been sustained. This conclusion renders unnecessary a consideration of the other assignments of error.

Reversed and remanded.

