(91 South. 799)

**SMITH v. HEATH.  (4 Div. 906.)**

(Supreme Court of Alabama.   Oct. 27, 1921.
Rehearing Denied Nov. 24, 1921.)

1. **Logs and logging** ⚖⇒3(10)—**Buyer of standing timber held entitled to tops of trees as well as bodies.**

Under a contract conveying "all the pine timber" on a tract of land, and permitting the buyer to cut and remove the timber at any time within five years, the buyer was entitled to the tops of the trees in addition to the bodies which were manufactured into lumber.

2. **Logs and logging** ⚖⇒3(7)—**Buyer of standing timber held to have right to resell some of the timber.**

Under a contract conveying "all the pine timber" on a tract of land, and permitting the buyer, his heirs and assigns to cut and remove the timber at any time within five years, the buyer had the right to sell the tops of the trees and other standing or fallen timber suitable for wood and cross-ties, and to permit the purchaser to remove the same from the land.

3. **Bills and notes** ⚖⇒97(2)—**Maker of note entitled to set-off in action by payee for partial failure of consideration.**

In an action to recover balances due on notes given in consideration of a contract conveying "all the pine timber" on plaintiff's land, the evidence showed that plaintiff objected to defendant cutting certain parts of the timber, and that defendant heeded the objections. *Held*, that defendant was entitled to a set-off on the notes, as for partial failure of consideration, of the value of the timber he was prevented from getting.

4. **Appeal and error** ⚖⇒1004(2)—**On conflicting evidence as to amount of damages, verdict cannot be held excessive.**

Where the evidence of the parties differed as to the value of certain timber which plaintiff prevented defendant from getting under a contract conveying all the timber, and the jury fixed the value at an amount between the conflicting estimates, the court on appeal cannot say that the verdict was excessive.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by Sam T. Smith against J. J. Heath, on promissory notes. From a judgment for defendant, plaintiff appeals. Affirmed.

The following is the oral charge of the court objected to:

"That, if the plaintiff objected to the defendant, or his representative, moving any of the timber which the plaintiff had conveyed to the defendant, that the defendant had the right of election of remedies, and that, if defendant elected not to remove any portion of said timber, upon such objection being made, that, in that event, the value of the timber so left or not removed was the proper charge against the plaintiff."

The following charges were refused to the plaintiff:

(1) Affirmative charge not to find for the defendant on his defense of failure of consideration.

(2) Affirmative charge not to find for defendant on his defense of set-off or recoupment.

(3) Affirmative charge, with hypothesis, to find for the plaintiff.

(4) If the jury find from the evidence that, after Smith objected to the cutting or removal of the timbers in question (if he did so), Heath had reasonable time or opportunity before the expiration of the time mentioned in the contract within which he could have made use of the timber, then the plaintiff is not liable to the defendant for his failure to get the timber.

(5) If the jury find from the evidence that in 1914 or 1915 Smith said to Heath or to Stevenson that he objected to Heath or Stevenson using that portion of the timber in question, and that by the exercise of reasonable diligence said Heath could have made use of or cut and removed said timber before the expiration of the five-year period mentioned in the contract, then the failure of Heath to make such use of or to cut and remove said timber

does not make the plaintiff liable to the defendant.

W. W. Sanders, of Elba, for appellant.

It was the duty of the defendant to minimize his damages. 17 C. J. 769a; 37 Iowa, 114. The act of the plaintiff was not a trespass nor a conversion, as defendant was not ousted nor disturbed in his possession. 204 Ala. 519, 86 South. 390. Rescission must be complete, and not partial. 123 Ala. 439, 26 South. 200; 2 N. D. 300, 50 N. W. 836, 16 L. R. A. 655, 33 Am. St. Rep. 783; There was really no election of remedy here. 20 C. J. 124.

C. W. Simmons, of Enterprise, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. Sam T. Smith sues J. J. Heath on 13 promissory notes, aggregating the sum of $2,528. The plaintiff admits 19 partial payments made thereon at different times by defendant, totaling $1,450.

The plaintiff sold and conveyed to the defendant on December 21, 1912, "all of the pine timber" on 560 acres of land, and contracted and agreed for him, his heirs or assigns to cut and remove said timber at any time from the land, provided it is done within five years from date of the contract. These 13 notes were given for the pine timber on the land. They represent the consideration.

The case was tried on the general issue, with leave to defendant to give in evidence anything that might be especially pleaded, and with plaintiff the right to reply evidence in like manner.

The defendant had a sawmill on the land, and was manufacturing into lumber the pine trees suitable in size for that purpose. The defendant had a contract with one Stephenson for cutting the timber "that was down on the ground or standing up or any of it, for cordwood." Stephenson and his hands were cutting the tops of pine trees, where the bodies had been sawed into lumber, and other pine timber, and manufacturing them into cordwood and cross-ties.

The tendency of defendant's evidence was that the plaintiff ordered Stephenson and his hands not to cut this timber, and stopped them. Plaintiff claimed this timber, and told defendant not to permit Stephenson to cut it and remove it from the land, and told defendant not to cut it, and not to have any one else cut it, and if defendant did not "he would buy up my papers and close me out." This was two or three years before the expiration of the five-year right to cut and remove it terminated. The defendant acceded to the demands of the plaintiff, and Stephenson and his hands stopped cutting, and no more timber or tops were cut and manufactured into cordwood, and no more cross-ties were made by Stephenson, his hands, or defendant. The defendant continued to cut and remove and manufacture at his sawmill the timber suitable in size for lumber from this land.

The plaintiff testified he told defendant, "You are violating that contract in cutting that timber," and defendant replied, "Yes; you sold me that timber so high that I am obliged to sell that cordwood to get my money out of it," and plaintiff replied, "your notes are due, and if you don't pay them, I will close you out. * * * I never stopped him." The testimony of plaintiff was in conflict with the testimony of the defendant and his witnesses as to plaintiff stopping Stephensen and his hands from cutting the cordwood and cross-tie timber.

[1, 2] This contract conveyed to defendant "all of the pine timber" on this 560 acres of land. It permitted the defendant, "his heirs or assigns to cut and remove said timber at any time or they may top or box said trees for the purpose of extracting the turpentine therefrom and afterwards cut and remove said timber from said lands, provided it is done within five years from date." This contract gave the defendant the tops of the trees where the bodies were large and manufactured into lumber. Under the contract the defendant had the right to sell and convey to Stephenson the tops of the sawed lumber pine trees and other pine timber standing or fallen, suitable for cross-ties.

[3] In 2 Stew. & P. 224, in the case of Morehead v. Gayle, this court wrote this rule:

"It has been decided here, that the partial failure of the consideration of a note may be given in evidence in a suit on the note between the parties to it, under a notice to reduce the amount of damages."

Here the contract of sale is for "all of the pine timber." Under the evidence of the defendant there was a failure of consideration in part by plaintiff, and defendant was prevented by plaintiff from getting some timber conveyed and sold him by the contract, and the defendant consented to these demands of plaintiff. Under this evidence, if believed by the jury, therefore, the consideration should sustain a corresponding deduction by the value of the timber thus eliminated from the contract. Andrews v. Tucker, 127 Ala. 602, 29 South. 34; Hembree v. Glover, 93 Ala. 622, 8 South. 660; Peden v. Moore, 1 Stew. & P. 71, 21 Am. Dec. 649; Morehead v. Gayle, 2 Stew. & P. 224. If plaintiff objected to defendant or his assigns from removing timber or certain parts of the timber sold and conveyed by the contract, and the defendant heeded these objections and did not remove it, then the amount of the consideration for all of the timber

should be reduced on suit therefor between the parties to the amount of the value of the timber not removed on account of the plaintiff's objections. The plaintiff cannot recover the consideration for that part of the timber which he sold to defendant, and which he objected to defendant's cutting and removing, and which objection met with the approbation or acquiescence of the defendant.

Applying these principles of law to that part of the oral charge of the court excepted to by plaintiff, and to the written charges numbered 4 and 5 of plaintiff, refused by the court, we find no error in them. The oral charge is in harmony with these principles, and the said refused charges are not in accord with them. Charges 4 and 5 ignore that evidence which tends to prove that defendant acceded to the objections and demands of plaintiff, and did not remove that timber on that account; and if this was believed by the jury the defendant would be entitled to a corresponding reduction in the consideration for the timber, and defendant would be under no duty thereafter to remove or attempt to remove that part of the timber.

Charges 1, 2, and 3 were properly refused. The evidence was in clear conflict on all material issues; and these charges call practically for a verdict in favor of plaintiff, if the evidence is believed.

[4] The plaintiff insists that the damages are excessive, and for that reason the motion for new trial should be granted, unless defendant will consent to a remittitur. It is true, when verdicts are for excessive damages, on motion for new trial the courts will grant the motion unless the successful party consents to a remittitur. Are the damages excessive in this case? The deed or contract recites a consideration of $2,500. The plaintiff admits $1,450 cash paid him by defendant during the years 1915 and 1916. The testimony of plaintiff fixes the value of the tree tops and other cross-tie timber at much less than the balance of $2,500 with interest. The defendant's testimony by some witnesses declared it more than the balance due of the original consideration. The jury fixed it at the balance due. We do not think their verdict on this evidence should be disturbed.

Finding no error in the record, the case is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

## On Rehearing.

PER CURIAM. Application for rehearing overruled.

All the Justices concur.