(105 So. 555)

**CABLE–SHELBY–BURTON PIANO CO. et al. v. TURBEVILLE. (6 Div. 476.)**

(Supreme Court of Alabama. June 30, 1925. Rehearing Denied Oct. 22, 1925.)

1. Pleading ⊗=106(1)—Plea as to venue is plea in abatement.

Plea to jurisdiction of court as to venue of cause of action and person of defendant is plea in abatement.

2. Pleading ⊗=34(4)—Plea to jurisdiction by defendant before court on demurrer construed strongly against defendant.

Where plea to jurisdiction as to venue of cause of action and person of defendant is before court on demurrer, it must be construed most strongly against defendant.

3. Pleading ⊗=106(1)—Plea to jurisdiction, failing to allege permanent residence in another county, is defective.

In action for conversion, plea to jurisdiction of court as to venue of cause of action, and person of defendant failing to allege that when suit was commenced he had permanent residence in another county and not in county where suit was commenced, is defective, in view of Code 1923, § 10467.

4. Corporations ⊗=513(1)—Plea to jurisdiction by corporation, failing to allege it was not doing business by agent in county where suit was commenced, is defective.

In action for conversion, plea to jurisdiction of court as to venue and person by corporation, which failed to allege it was not doing business by agent in county where suit was brought, is defective and insufficient, in view of Code 1923, § 10471.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by R. E. Turbeville against the Cable-Shelby-Burton Piano Company and W. W. Harman. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

D. A. McGregor, of Jasper, and Robert E. Smith, of Birmingham, for appellants.

Counsel argue for error in sustaining demurrer to pleas to the jurisdiction, citing Acts 1923, p. 53; Acts 1919, p. 240; McGehee v. W. U. Tel. Co., 169 Ala. 109, 53 So. 206, Ann. Cas. 1912B, 512.

W. F. Finch, of Lake Worth, Fla., for appellee.

Defendant's pleas were insufficient, and subject to demurrer. Code 1923, § 10467; Acts 1919, p. 240; Farmers' & Ginners' C. O. Co. v. Baccus, 207 Ala. 75, 92 So. 4.

MILLER, J. This is a suit by R. E. Turbeville against the Cable-Shelby-Burton Piano Company, a corporation, and W. W. Harman,

---

for damages for the conversion by them, on, to wit, January 16, 1924, of a Victrola, the property of the plaintiff. The cause was tried on its merits. There was judgment by the court on verdict of a jury in favor of the plaintiff against the defendants and this appeal is prosecuted by each defendant from it.

The defendant Harman filed the following plea:

"Comes W. W. Harman, a defendant in the above cause of action, and objects to the jurisdiction of this court to hear and determine the same, and assigns as grounds therefor the following: That he is a resident of Jefferson county, Ala., and that the offense alleged in plaintiff's complaint did not occur in Walker county, Ala.          Robt. E. Smith,
          "Atty. for W. W. Harman.
     "W. W. Harman.

"Sworn to and subscribed before me this November 21, 1924.          Mae Amiss, Clerk."

The defendant Cable-Shelby-Burton Piano Company filed this plea:

"Comes now the Cable-Shelby-Burton Piano Company, a defendant in the above cause of action, and objects to the jurisdiction of this court to hear and determine the same, and assigns as grounds therefor the following: That on, to wit, the 16th day of January, 1924, it was and is now domiciled in Jefferson county, Ala., and was not engaged in business in Walker county, Ala.; neither did the offense alleged in plaintiff's complaint occur therein.
               "Robt. E. Smith,
     "Atty. for Cable-Shelby-Burton Piano Co.
     "B. B. Burton, Pres.

"Sworn to and subscribed before me this November 21, 1924.          Mae Amiss, Clerk."

The plaintiff demurred to each of these pleas on several grounds. The court sustained demurrers of plaintiff to each plea; the appellants separately assign these rulings applicable to each as error; and the same questions are also presented to us for review by the trial court overruling the motion of appellants for a new trial.

[1] These pleas go to the jurisdiction of the court as to the venue of the cause of action, and to the person of the defendants; and each is therefore a plea in abatement. 1 Michie Dig. 3, § 1.

[2] These pleas are before us on demurrer, and, when so presented, they must be construed most strongly against the defendants. Tennessee C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; 10 Michie Dig. 1005, § 22.

It appears from the summons and complaint that the latter was filed and the former issued on July 22, 1924. This suit was commenced by the filing of the complaint in the office of the clerk of the circuit court on July 22, 1924. Section 8967, Code 1923; section 4853, Code 1907. This cause of action, conversion of a Victrola, personal property of plaintiff, is not an action on a contract; and "all other personal actions [other than actions on a contract], if the defendant or one of the defendants has within the state a permanent residence, may be brought in the county of such residence." Section 6110, Code 1907; section 10467, Code 1923; Montgomery I. Wks. v. Eufaula Oil & F. Co., 110 Ala. 395, 20 So. 300.

[3] The plea of Harmon alleges "that he is a resident of Jefferson county, Ala." It is defective for failing to allege when this suit was commenced he had a permanent residence in Jefferson county. Aught appearing from the plea, he may have had a permanent residence in Walker county when the suit was commenced. That part of the plea should have averred that when the suit was commenced he had a permanent residence in Jefferson county, and not in Walker county. Section 6110, Code 1907; section 10467, Code 1923; Montgomery, etc., Co. v. Eufaula, etc., Co., 110 Ala. 395, 20 So. 300. This plea may be defective in other respects, which we need not decide. It fails to state facts showing, as hereinbefore stated, that the circuit court of Walker county had no jurisdiction of his person; and the trial court did not err in sustaining plaintiff's demurrer to it.

[4] The plea of defendant Cable-Shelby-Burton Piano Company states:

"that on, to wit, the 16th day of January, 1924, it was and is now domiciled in Jefferson County, Alabama, and was not engaged in business in Walker County, Alabama."

These averments are insufficient under the statute to constitute a plea in abatement by this defendant. Section 6112, Code 1907, as amended Gen. Acts 1919, p. 240; section 10471, Code 1923. This defendant is a corporation. Under this statute (section 6112, Code 1907, as amended Acts 1919, p. 240), this suit for this cause of action may be instituted and maintained against this defendant in any county in which it does business by agent or was doing business by agent at the time the cause of action arose. It fails to allege in this plea that it was not doing business in Walker county, by agent, when this suit was commenced in the circuit court of Walker county. This rendered this plea defective and insufficient and subject to the demurrer, and the trial court did not err in sustaining plaintiff's demurrer to it. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; Case Threshing M. Co. v. McGuire, 201 Ala. 203, 77 So. 729; Jefferson I. S. Co. v. Longyear Co., 210 Ala. 352, headnote 2, 98 So. 119; and authorities, supra.

This plea may contain other defects rendering it demurrable, but this we need not decide.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.