133 So.2d 391

**M. A. COOPER**

v.

**THOMSON IMPLEMENT CO.**

6 Div. 723.

Supreme Court of Alabama.

Sept. 28, 1961.

Jas. K. Davis, Fayette, for appellant.

Nolen & Enslen, Fayette, for appellee.

MERRILL, Justice.

Appellant sued appellee in detinue for a John Deere tractor. The jury found the issues in favor of the appellee and this appeal followed.

Appellant purchased the tractor in 1956. In 1959, he carried it to appellee's place of business for repairs; the engine was overhauled but it later "blew up" or "tore up" requiring another complete overhaul. Appellant refused to pay the charges for the overhaul claiming the repairs were negligently done and this negligence was the reason for the total bill of $1,701.47 charged by appellee. When appellant refused to pay the bill, appellee held the tractor under a mechanic's lien and appellant brought his suit in detinue.

■ The single assignment of error is that the court erred in refusing to permit the witness Plyler to testify as an expert witness.

Plyler testified that he was "dairy farming" at the time of the trial, that he had had experience as a diesel mechanic, thirty-four years experience as a general mechanic, that he was familiar with how diesel

engines work, and that he did repair work on diesel engines while working for a construction company for two years. The following then occurred:

"Q. Assuming that we have a Diesel tractor that had had a general overhaul made on it including rings and inserts, head gasket, refacing of the valves—a general overhaul made on March 11, 1959—then assume that on the next day there was a blown head gasket on that tractor and water leaked into the cylinders and assume that the person who did the general overhaul picked it up and brought it back in and installed another head gasket, then when this head gasket was installed it was placed back out in the field, and assume that the tractor plowed about 25-acres, then assuming that on the 14th day of March, 1959, three days after the overhaul was made and it was turned over to the person who owned this Model 70 John Deere tractor, and assuming that that motor was running that morning and that at noon it was refueled and that while it was working in the field about an hour after it was refueled that it blowed up and assuming further that when this was torn down that this Exhibit 'B' and Exhibit 'C' of the Defendant's was found in the condition that you see it here, and assuming that the entire crankcase and the starting motor and all of the parts of the transmission anywhere in the close vicinity of that piston that broke was bursted or torn up, assuming that, in your judgment, what would have caused that damage?"

After objection that the witness was not properly qualified as an expert, the record shows:

"The Court: Let me ask Mr. Plyler a question: Mr. Plyler, can you answer that question intelligently? With this motor involved here?

"Mr. Plyler: Well, I couldn't say, not working on them, but that piston and rings is similar to some I have done, yes. I'm familiar with that type of stuff but not this particular tractor, this particular engine."

The objection was sustained and the court made the following observation:

"The Court: If Mr. Plyler could show us that he is familiar with John Deere tractors like the one involved in this case I'd let him answer, but under the law you gentlemen know how that is. Any further question, Mr. Henley?"

■ The question as to the competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Dorsey Trailers, Inc. v. Foreman, 260 Ala. 141, 69 So.2d 459; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702.

The trial court decided the witness was not properly qualified as an expert witness and appellant contends that this decision was an abuse of its discretion. We cannot say that the ruling of the trial court shows an obvious or readily apparent abuse of discretion, and the ruling is not ground for reversible error. Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549; Stewart v. Sloss-Sheffield Steel & Iron Co., 170 Ala. 544, 54 So. 48.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.