222 So.2d 154

**Earl A. BOUDROW et al., d/b/a Earl A. Boudrow & Son, Inc.**

v.

**H & R CONSTRUCTION COMPANY, Inc.**

6 Div. 252.

Supreme Court of Alabama.

March 13, 1969.

Rehearing Denied May 8, 1969.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, and Weir & Shannon, Birmingham, for appellants.

Zeanah & Donald, Tuscaloosa, for appellee.

LAWSON, Justice.

This is an appeal from a judgment of the Circuit Court of Tuscaloosa County.

H & R Construction Company, Inc., a corporation, sometimes hereinafter referred to as H & R and sometimes as the plaintiff, was a subcontractor to Earl A. Boudrow & Son, sometimes hereinafter referred to as Boudrow & Son, which concern had been awarded the general contract for the construction of a student nurses' housing facility for Hale Memorial Tuberculosis Hospital in Tuscaloosa for the owners, District 11 Tuberculosis Sanitarium Authority.

On December 3, 1963, Boudrow & Son entered into a written subcontract with H & R for certain concrete work as provided in the general plans and specifications. H & R began work pursuant to the provisions of that contract and the said concrete work was completed and accepted. The aforementioned contract will generally be referred to as the concrete contract.

In February of 1964 Boudrow & Son agreed with H & R on the terms of a subcontract for masonry work on the aforementioned housing facility, which consisted generally of the brick, concrete block and glazed tile work. This work appears to have been begun by H & R in February of 1964, although the written contract was dated March 30, 1964, and was signed a few days later. This last-mentioned contract will generally be referred to as the contract for masonry work.

H & R had completed all of its work under both contracts by September 6, 1964, and the entire building was approved and accepted on October 9, 1964.

On October 21, 1964, H & R filed its complaint in the Circuit Court of Tuscaloosa County against Earl A. Boudrow and Jerry A. Boudrow, individually, and as partners doing business under the name and style of Earl A. Boudrow & Son; and Earl A. Boudrow & Son, Inc., a corporation.

The complaint consists of four common counts in Code form. See Form 10, § 223, Title 7, Code 1940. Count 1 is for work and labor done. Count 2 is for money paid (by) the plaintiff for defendants at their request. Count 3 is on account and Count 4 is on account stated. In each count of the complaint H & R sued for the sum of $23,996.50, with interest until paid.

Earl A. Boudrow and Jerry A. Boudrow, individually, and Earl A. Boudrow and Jerry A. Boudrow, as partners, appeared specially and filed a plea in abatement, to which the trial court sustained demurrer interposed by H & R. Thereafter, Earl A. Boudrow and Jerry A. Boudrow, individually and as partners doing business under the name and style of Earl A. Boudrow & Son, appeared specially and filed an "Amendment to Plea in Abatement." H & R filed a "Demurrer to Plea in Abatement as Last Amended," which demurrer was sustained by the trial court. The demurrer interposed to the "Amendment to Plea in Abatement" consisted of the grounds included in the demurrer interposed to the original plea in abatement, together with additional grounds.

Thereafter, Earl A. Boudrow and Jerry A. Boudrow, individually and as partners doing business under the name and style of Earl A. Boudrow & Son, filed a plea of recoupment and an instrument which bears the caption, "Answer," but which the parties and the trial court considered as constituting five pleas.

H & R interposed demurrer to the plea of recoupment and to the said five pleas, separately and severally.

The trial court sustained demurrer to the plea of recoupment and to Pleas 3, 4 and 5. Demurrer to Pleas 1 and 2 was overruled.

A subsequent judgment entry contains the following language: "* * * By agreement of parties, defendants for answer to the complaint in this cause and to each and every count thereof, separately and severally, plead in short by consent the general issue. * * * "

The cause came on for trial on June 4, 1965. On that day the plaintiff, H & R, with leave of the court, amended its complaint so as to eliminate Earl A. Boudrow & Son, Inc., a corporation, as a party defendant and to increase the amount sued for to the sum of $25,831.22. The plea of the general issue in short by consent was thereafter interposed to the complaint as last amended.

As we understand the record, the case went to the jury on behalf of H & R on the four aforementioned common counts and on behalf of the defendants named in the original complaint other than "Earl A. Boudrow & Son, Inc., a corporation," on the plea of the general issue in short by consent.

At the conclusion of the trial a verdict was returned which reads as follows: "We, the jury, find the issue in favor of the plaintiff, and assess the plaintiff's damages at $22,960.00." Judgment was entered in accord with the verdict of the jury.

Motion for a new trial filed by the defendants Earl A. Boudrow and Jerry A. Boudrow, individually, and as partners doing business under the name and style of Earl A. Boudrow & Son, was overruled. Thereafter, the said defendants timely perfected an appeal to this court.

The plaintiff, H & R, sought to recover from the defendant Boudrow & Son the sum of $7,791 under the written subcontracts, which sum is referred to by the parties as retainage, and in addition thereto the plaintiff introduced evidence going to show that the defendants owed it various sums for: (1) the cost of basement refill; (2) the cost of unloading materials; (3) the cost of repair of storm damage; (4) the cost of construction of brick man-

holes and catch basins; (5) the cost of labor for a period from May 3, 1964, to June 12, 1964; (6) the cost of pargeting the building while under construction; (7) the cost of labor for the period of June 16 to July 26, 1964; and (8) a sum for additional overhead and profit. The total of all the sums so claimed by the plaintiff of the defendants approximates $26,000.

It was plaintiff's contention that all the sums claimed by it except the amount of the retainage and, perhaps, the sum claimed for additional overhead and profit, were due by virtue of agreements made between the plaintiff and the defendants for work and services performeed by the plaintiff for the defendants which were not covered by the written subcontracts.

The defendants below will sometimes hereinafter be referred to as the appellants.

The appellants have made twenty-four assignments of error, the first of which is to the effect that the trial court erred in overruling their motion for a new trial.

We have said that a general assignment of error on appeal, grounded on the refusal of the trial court to grant a motion for a new trial, is sufficient to invite a review of ruling as to any ground well stated in the motion and properly argued by appellant; that is, when the motion for a new trial is sufficient to specify the precise error alleged to have occurred, a general assignment of error on appeal for refusing the motion is sufficient to bring up for review those matters so precisely set out in the motion. However, grounds of the motion for a new trial relied upon must sufficiently specify the precise error alleged to have occurred. In other words, a ground of a motion for a new trial is to be considered the same as if it were a separate assignment. A ground of a motion for new trial that the verdict was contrary to the law is not sufficient to be treated as an assignment of error. General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150, and cases cited. See Danley v. Mar-

shall Lumber & Mill Co., 277 Ala. 551, 173 So.2d 94; State v. Kohn, 278 Ala. 507, 179 So.2d 86; Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712.

No ground of the motion for new trial is referred to in appellants' argument made in support of the first assignment of error and we are not certain that we have correctly related that argument to the grounds of the motion for new trial which counsel for appellants intended the argument to be directed.

Perhaps a part of the argument made in support of the first assignment of error was intended to be considered by us as being in support of Grounds 36, 37, 52, 53 and 54 of the motion for new trial, which grounds read:

"36. For that the Court erred in failing to grant a new trial at the request of the defendants on grounds of improper conduct, statements, and matters made by plaintiff's counsel which created bias, passion, and prejudice in the minds of the jurors which could not be corrected.

"37. For that the Court erred in permitting counsel for the plaintiff, over the objection of the defendants, to make improper argument, statements, and conclusions before the jury which were highly prejudicial and prevented the defendants from obtaining a fair trial.

"52. For that the persistent action of plaintiff's counsel in injecting into the case in the presence of the jury highly prejudicial inadmissible matters under the guise of arguments as to admissibility of evidence constituted misconduct on the part of prevailing party, the consequence of which highly prejudicial matters were not, and could not be eradicated from the minds of the jury by cautionary instruction from the Court.

"53. Misconduct of prevailing party by and through his counsel, the consequences of which could not be eradicated from the minds of the jury.

"54. For that the persistent and continued abuses by counsel for the plaintiff throughout the trial of this cause of the privilege of argument and the repeated insertion in his argument in presence of the jury of highly prejudicial inadmissible statements, the effect of which could not be eradicated from the minds of the jury, amounted to such misconduct of the prevailing party as to require the granting of a new trial."

We entertain considerable doubt as to whether the grounds of the motion for a new trial just quoted are so framed as to justify a holding that they specify the precise error alleged to have occurred so that we may consider them as if they were separate assignments of error. See General Finance Corp. v. Bradwell, *supra*. But in any event, we are not persuaded that the trial court erred in overruling these grounds of the motion for a new trial. This was a hotly litigated case in the trial court and many statements were made by counsel on both sides which might well have been left unsaid. Our cases adhere to the principle that the trial judge is vested with a wide discretion in determining whether or not incidents which occur during the course of a trial affect the rights of either party to have a fair trial, and his action may not be reviewed unless it clearly appears that his discretion has been abused. Our cases also recognize that the trial judge is in a better position than this court to determine the probable effect of such incidents. The record before us does not, in our opinion, justify a holding that the trial judge abused his discretion in refusing to grant any of the motions for mistrial made by counsel for the appellants during the course of the trial. Foster & Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825.

Grounds 25 and 35 of the motion for new trial read:

"25. For that the Court erred in sustaining objections by plaintiff's counsel to questions propounded to witness James

Ray Cox regarding the existing contract by and between the parties.

"35. For that the excessiveness of the verdict was a product of improper inquiry on the part of plaintiff's counsel of the witness James Ray Cox, as to matters and things which called for self-serving declarations and mental operations which were not proper. All of said matters and things had the effect on the jury which was not eliminated by instructions from the Court."

■ There is argument in appellants' brief in support of the first assignment of error which seems to take the position that the trial court erred in overruling the motion for a new trial because the grounds thereof just quoted above were well taken. Suffice it to say that those grounds do not sufficiently specify the precise error alleged to have occurred so as to enable us to consider them as if they were separate assignments of error. General Finance Corp. v. Bradwell, *supra*. They are too general. See American Casualty Co. of Reading, Pa. v. Devine, 275 Ala. 628, 157 So.2d 661; Anderson v. Smith, 274 Ala. 302, 148 So.2d 243; McClendon v. State, 278 Ala. 678, 180 So.2d 273.

That part of appellants' brief devoted to the argument of the first assignment of error concludes with the following statement: "The Court, in its original charge to the jury, submitted the issue as to whether the items claimed by appellee were 'outside the contract' (Tr. 817)." We find no ground of the motion for new trial taking that point. On page 817 of the transcript we find no such statement made by the court. Moreover, no exception was taken to any statement of the trial court appearing on page 817 of the transcript.

We hold that Assignment of Error No. 1 as argued in brief of counsel for appellant does not show cause for reversal of the judgment from which this appeal was taken.

284 Ala.—5

Assignment of Error No. 2 is to the effect that the court erred in sustaining appellee's demurrer to appellants' original plea in abatement.

■ Appellants correctly assert that each count of the complaint states an action *ex contractu*. Gay v. Cummings, 23 Ala.App. 8, 122 So. 313; Alabama Digest, Assumpsit, Action of, ⊗5; Corbin on Contracts, Vol. 1, § 20, p. 51.

Appellants say that their plea in abatement was directed not only to the complaint as a whole but to each count of the complaint and, therefore, they contend that the trial court erred in sustaining appellee's demurrer to the entire plea in that the averments of the plea to the effect that at all times referred to in each count of the complaint each defendant was a bona fide resident of Jefferson County, Alabama, in which county they did business, were well taken as to Counts 2, 3 and 4, which counts being in contract should have been filed in Jefferson County. Section 54, Title 7, Code 1940, reads:

"All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant or one of the defendants resides, if such defendant has within the state a permanent residence; all other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done or may have occurred. All actions for the recovery of land, or of the possession thereof, or for a trespass thereto, must be brought in the county where the land lies; a summons issued contrary to this section must be abated on the plea of the defendant. Any agreement or stipulation, verbal or written, whereby the venue herein prescribed is proposed to be altered or changed so that suits may be brought contrary to the provisions of this section, is void."

Appellants do not contend that the plea in abatement is good as to Count 1, the work and labor count, because the plea did not allege that the work and labor performed by appellee for appellants was not done in Tuscaloosa County.

Although Count 1 is in contract, § 55, Title 7, Code 1940, provides that an action for "work and labor done" may be brought in the county wherein the work was done. In Lucas v. Samford, 223 Ala. 235, 135 So. 576, the plaintff brought suit in Shelby County. Counts 2 and 3 were for work and labor done. The defendant filed a plea in abatement to the effect that he was a resident of Montgomery County. We held the plea not sufficient and subject to demurrer interposed thereto for failure of the plea to contain averments that the work and labor done was not done in Shelby County.

We disagree with the position of appellants that the plea in abatement can be construed as being directed to each count of the complaint, separately and severally. True, the address of the plea contains words indicating that such might have been the purpose of the drafter of the plea, but the concluding paragraph of the plea reads:

"Wherefore, the above named defendants, separately and severally shows that this Honorable Court is without jurisdiction of the cause of action made the basis of this complaint and that this Court should not take further jurisdiction of said cause and complaint, and pray that said cause be dismissed and they be allowed to go hence with their costs expended."

The plea must be construed in its entirety and when, as here, it is before us on demurrer, it must be construed most strongly against the defendants, the appellants. Cable-Shelby-Burton Piano Co. et al. v. Turbeville, 213 Ala. 565, 105 So. 555.

The concluding paragraph of the plea, which we have quoted above, is at least subject to the construction that the pleader sought to have the entire complaint dismissed on the ground that the trial court did not have jurisdiction of the subject matter contained in any count of the complaint. True, the words "subject matter" are not used in the concluding paragraph of the plea, but we think the words "cause of action" in the context in which those words are used are tantamount to the words "subject matter." See Clark v. Sanders, 267 Ala. 674, 103 So.2d 370.

The trial court did have jurisdiction of the subject matter of each count of the complaint, although there is language in Karthaus et al. v. Nashville, Chattanooga & St. Louis R. Co., 140 Ala. 433, 37 So. 268, which indicates to the contrary. However, in Woolf v. McGaugh, 175 Ala. 299, 57 So. 754, this court, in an opinion authored by Mr. Justice Sayre, explained or corrected the statements in the Karthaus case to the effect that a court does not have jurisdiction of the subject matter of a suit where it is filed in a county other than that provided by statute. Under the Woolf case, which has been frequently cited by this court, § 54, Title 7, Code 1940, is a venue statute which may be waived in personal actions.

Section 54, Title 7, supra, except for the last sentence thereof, is in all material respects the same language as § 6110 of the Code of 1907, which was held to be a venue statute. Woolf v. McGaugh, supra. In the case last cited expressions to the contrary in Karthaus et al. v. Nashville, Chattanooga & St. Louis R. Co., supra, were not followed. The last sentence of § 54, Title 7, supra, first became the law of this state by the enactment of Act 74, approved February 10, 1923, General Acts 1923, p. 53. Act 74, supra, was entitled "An Act to amend Section 6110 of the Code of Alabama [1907]." The said last sentence has not been construed as changing the construction placed on § 6110 of the Code of 1907 in the Woolf case, supra. In fact, the Woolf case has been cited by this court since the

effective date of Act 74, *supra*. Ex parte Air Control Products, Inc., 271 Ala. 646, 126 So.2d 480 (1961).; Ex parte Wilson, 263 Ala. 126, 81 So.2d 689 (1955). See Ballard v. First National Bank of Birmingham, 261 Ala. 594, 75 So.2d 484 (1954); Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757 (1953).

 Since the plea in abatement was not good as to Count 1 of the complaint, the work and labor count, and since we construe said plea as being to the complaint as a whole, we are constrained to the conclusion that the trial court did not err in sustaining appellee's demurrer interposed to the plea in abatement.

Appellants' Assignment of Error No. 3 reads: "For that the Court erred in sustaining appellee's demurrer to appellants' amended plea in abatement."

It is not contended by appellee that the appellants were not entitled to file the amended plea in abatement. See § 238, Title 7, Code 1940.

While there may be other defects in the so-called "Amendment to Plea in Abatement," we are of the opinion that the demurrer interposed thereto was properly sustained for the reason that it, like the original plea in abatement, is subject to the construction that it was directed to the complaint as a whole and it is obviously not good as to the first count of the complaint, the work and labor count, because it contains no allegation to the effect that the work done was not done in Tuscaloosa County.

The concluding paragraph of the "Amendment to Plea in Abatement" reads: "WHEREFORE, these defendants pray judgment that the summons in this cause be quashed and this cause abated or transferred to Jefferson County wherein the venue thereof would be proper."

Appellants' Assignment of Error No. 4 reads: "For that the Court erred in sus-

taining appellee's demurrer to appellants' plea of recoupment."

 The argument made in support of this assignment of error amounts to little more than a mere repetition of the assignment of error and is, therefore, not sufficient to invite consideration of the assignment. Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781; White v. Henry, 255 Ala. 7, 49 So.2d 779; Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; McClendon v. State, 278 Ala. 678, 180 So.2d 273.

The same is true of the so-called arguments made in support of Assignments of Error 5, 6 and 7. Assignment of Error 5 is to the effect that the trial court erred in sustaining appellee's demurrer to appellants' Plea 3. Assignment of Error 6 asserts error in the sustaining of appellee's demurrer to appellants' Plea 4, and Assignment of Error 7 charges error in sustaining appellee's demurrer to appellants' Plea 5.

Assignment of Error 8 reads:

"For that the Trial Court erred in overruling appellants' objection to the following question propounded by appellee's counsel to the *appellee*, James Ray Cox, to-wit:

"'Now, going back further, Mr. Cox, earlier in point of time, did you have an occasion to do some filling of excavation for the basement of this building outside of the scope of the contracts?'" (Emphasis supplied.)

 The appellee in this case is H & R Construction Company, Inc., a corporation, not James Ray Cox. Consequently, the assignment of error is incorrectly drawn and presents nothing for our review. The same inaccuracy appears in Assignments of Error 9, 10, 11 and 12.

There are two assignments of error which bear the number 13. The first is to the effect that the trial court erred in over-

ruling appellants' motion for a mistrial. In their brief, counsel for appellants assert that the trial court erred in overruling the motion for a mistrial because of "the cumulative effect of so many improper arguments or statements by counsel for appellee." We disposed of this contention in our consideration of appellants' Assignment of Error No. 1.

■ The other assignment of error which bears the number 13 and Assignments of Error 14, 15, 16, 17, 18 and 19 are all based on the refusal of the trial court to give affirmative instructions requested by the appellants. In regard to these assignments, it is sufficient to say that they present nothing for our review, since the brief of appellants fails to comply with the provisions of subdivision (b) of Supreme Court Rule 9, which reads:

"* * * (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *."

See Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516.

Assignments of Error 20, 21, 22, 23 and 24 are not sufficiently argued in appellants' brief to warrant consideration.

Since we find no merit in any of the assignments of error, the judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.