329 So.2d 573

**CAVALIER INSURANCE CORPORATION,**
a corporation

v.

**R. D. GANN.**

Civ. 655.

Court of Civil Appeals of Alabama.

March 24, 1976.

John Self and Al Tidwell, Hamilton, for appellant.

Fite, Davis & Fite, Hamilton, for appellee.

## ON REHEARING

BRADLEY, Judge.

The former opinion in this case is hereby withdrawn and the following becomes the opinion of this court:

Plaintiff filed an action in the Marion County Circuit Court against defendant seeking recovery for the loss of a mobile home that was covered by an insurance policy issued by defendant. By stipulation the only issue presented to the jury was that of damages. A verdict was returned in favor of plaintiff for $6,125. A judgment n. o. v. was requested on the ground of excessiveness of the verdict and was denied. The motion for new trial was also denied. Appeal was taken by defendant from the final judgment for plaintiff.

The facts show that in 1966 plaintiff purchased a 1966 First American House Trailer from Ewing Mobile Homes in Tupelo, Mississippi. He paid, according to his and his wife's testimony, $1,000 down and financed $6,500 through Commercial Credit Corporation in Tupelo, Mississippi. In November 1973 the trailer was totally destroyed by a tornado. There was testimony that just prior to the tornado the trailer was in excellent condition. The plaintiff valued the trailer at the time of the tornado at $7,500 and after the tornado as being without value.

Since the only issue presented to the jury concerned the question of damages, the plaintiff testified that the trailer, even

though it was seven and one-half years old, was in excellent condition and was worth $7,500. The defendant also attempted to introduce proof by way of expert testimony as to the market value of the trailer just before it was destroyed by the tornado. These witnesses were shown to have had experience in buying and selling mobile homes or house trailers, and in estimating their value; then they were presented with several hypothetical questions for answer on the value of the trailer in question. Plaintiff's objections to the various hypothetical questions were sustained by the trial court. Defendant here claims these rulings were erroneous and require a new trial.

The recurring ground of objection to these questions was that the witnesses were not qualified to testify as experts regarding the type of trailer in question. The witnesses had admitted that they had neither observed plaintiff's trailer before its destruction, nor had ever dealt on a firsthand basis with any First American trailer.

 Whether a witness is qualified to testify as an expert is a question to be answered by the trial court, and his discretion in the matter will not be overturned except for abuse. *Guarantee Trust Life Ins. Co. v. Overton,* 50 Ala.App. 435, 280 So.2d 140. In *Cooper v. Thomson Implement Co.,* 272 Ala. 655, 133 So.2d 391, the supreme court upheld a trial judge's discretion in disqualifying an expert diesel mechanic's testimony as to the cause of damage to a John Deere Model 70 tractor engine. The trial court's stated reason for disqualification was the witness' unfamiliarity with the John Deere brand of engine. In light of this reported decision, the disqualification of the experts in the present case to testify as to the value of an unfamiliar brand of trailer was within the scope of the trial court's discretion.

 Defendant next asserts that the trial court erred in· not granting him a con-

tinuance during the trial of the case when he was surprised that the plaintiff and his wife would not acknowledge a purported copy of the financing agreement signed by plaintiff. It does not appear from the record that these witnesses were deposed prior to trial. Had they been, the authenticity of the witness' signature could have been established at that time. If there were some question about it, further investigation could have been made. It would appear that postponing this investigation until trial makes it come too late and the trial court will not be placed in error for refusing a continuance during this stage. Continuances are not favored and the trial court's denial of a motion for continuance will not be reviewed except for gross abuse, *Johnson Pub. Co. v. Davis,* 271 Ala. 474, 124 So.2d 441.

Defendant next contends that the trial court erred in refusing to let a witness testify that a directory of prices of used mobile homes had assigned a certain value to the destroyed trailer in question. The pertinent portion of the testimony is as follows:

### "DIRECT EXAMINATION

"Q (By Mr. Tidwell): What is this you have here, Mr. Bedingfield (indicating)?

"A This is a Directory of prices for used mobile homes.

"Q Is this a recognized authority as to the value of mobile homes?

"A It is.

"Q And is it the one that is used by individuals to so estimate the value . . .

"A Yes, sir . . .

"Q . . . of Mobile Homes?

"A Yes.

"Q And you are familiar with this book?

"A Yes.

"Q Now then, is First American listed in that book?

"A Yes, it is.

"Q Is a 1966 First American listed in that book?

"A Yes.

"Q Now, at what value does that book assign to that . . .

"MR. DAVIS: We object.

"THE COURT: Sustained."

■ It is first noted that neither the book in question nor a pertinent portion thereof was offered in evidence as reflecting the estimated value of the particular type of trailer in question; neither was the witness asked to look at the book and refresh his recollection so that he might testify based on his knowledge and experience. What the witness was asked to do was read out the value assigned in the book to a 1966 First American trailer. Had he been allowed to give this testimony, he would have merely been repeating what the authors of the book had said about the value of the trailer type in question. The admission of opinion testimony as to market value based at least in part on hearsay is discretionary with the trial court, *Farm Industries, Division of Quaker Oats Co. v. Howell,* 39 Ala.App. 131, 95 So.2d 808. The refusal to admit such opinions where they are heavily influenced, if not completely controlled, by hearsay is no abuse of discretion.

Another alleged error cited by defendant is the denial of his request for a mistrial based on plaintiff's reference in argument to the jury to a settlement offer. As to the basis for the mistrial request, the record reflects the following:

"MR. TIDWELL: I would like to get into the record the fact that in his argument Mr. Davis has discussed various

and sundry settlement offers, and we move for a mistrial.

"THE COURT: All right, that is denied."

■ For the trial court to be placed in error for denying an objection to argument of counsel, it must appear that the ruling was appropriately invoked on utterance of the supposedly improper remarks. *Pinckard v. Dunnavant,* 281 Ala. 533, 206 So.2d 340. Counsel has the duty to point out to the trial court the portion of the argument deemed objectionable. *Pacific Mutual Life Ins. Co. v. Yeldell,* 36 Ala.App. 652, 62 So. 2d 805.

■ In the present case this was not done. Counsel for defendant made a general statement at the completion of plaintiff's remarks that the argument had ". . . discussed various and sundry settlement offers," and requested a mistrial. The trial court committed no error in denying such request.

■ Defendant next argues that the trial court erred in refusing to give several requested written charges. We are unable to reach the merits of the objections made to the trial court's refusal. Rule 51, ARCP, provides in pertinent part as follows:

". . . No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."

The record shows that defendant failed to comply with this rule by not stating his objections to the charges and the grounds therefor prior to the jury's retirement to consider a verdict.

■ Defendant also argues that the verdict and judgment is excessive. This

issue formed one of the grounds on which defendant based his motion for new trial below. An assignment of error, directed to the refusal of the trial court to grant a motion for new trial is sufficient to invite review of that ruling as to any ground well stated in the motion, *Boudrow v. H & R Const. Co.*, 284 Ala. 60, 222 So.2d 154. Our review is thus invited to the excessiveness of the verdict.

■ The authority vested in courts to disturb the verdict of a jury on the ground of excessive damages is one which should be exercised with great caution, *Crum v. McGhee*, 289 Ala. 244, 266 So.2d 855. The reviewing court is reluctant to substitute its judgment with regard to damages for that of the jury and trial court, *Atlanta Life Ins. Co. v. Stanley*, 276 Ala. 642, 165 So.2d 731. Where the evidence of the parties differs as to value, and the jury fixes the amount at a figure between the conflicting values, the court on appeal usually will not hold that the verdict is excessive, *Smith v. Heath*, 207 Ala. 4, 91 So. 799.

■ In the instant case, plaintiff testified that, in his opinion, the value of the trailer at the moment preceding its destruction was $7,500. Plaintiff also stated that the trailer cost $7,500 new in 1966 and had, if anything, appreciated in value. Defendant presented expert opinion testimony that the trailer's value had depreciated greatly. Defendant also offered as evidence the previously mentioned copy of the financing agreement, showing the trailer's 1966 price to be only $6,500. This contract was held inadmissible for lack of authentication.

This conflicting evidence shows a range of possible values for the trailer from under $6,000 to $7,500. The jury's award was for $6,125, of which $6,000 represented the value of the trailer. Under *Smith v. Heath, supra,* we will not hold this to be excessive.

■ Defendant's final suggestion of error concerns the overruling of its motion for new trial on the ground that plaintiff's witnesses had committed perjury. The evidence at the main trial showed that plaintiff and his wife testified that they paid $7,500 for the trailer in question. The plaintiff also testified that the signature on a purported copy of the conditional sales contract entered into by the plaintiff and wife did not appear to be his. On motion for new trial defendant introduced into evidence a certified copy of the conditional sales contract which was on file in the Marion County Probate Judge's office. Defendant says that the certified copy of the contract allegedly entered into by plaintiff shows that the purchase price was $6,500 rather than $7,500 as testified to by plaintiff and his wife. However, defendant does not go so far as to contend that plaintiff lied about his signature. Instead, he merely says that the trial court erred in not granting a new trial because the copy of the sales contract shows that the purchase price was less than that testified to by plaintiff and his wife.

Defendant's substantiation for the perjury claim consists solely of the installment contract as recorded by the Marion County Probate Judge. The terms of this document vary from the testimony of R. D. Gann as to the purchase price of the trailer, and cast doubt on the accuracy of that testimony. We do not feel that this alone proves perjury: it is equally plausible that R. D. Gann's recollection was faulty.

■ It is clear that the installment contract would have carried great weight in impeaching Gann's testimony, if introduced and admitted at trial. It is tardy, however, for defendant to locate the contract in the probate office after judgment has been rendered and attach it to a posttrial motion to discredit a witness' testimony. This conclusion is supported by the record which reveals to us that the installment contract was admitted at the motion for rehearing on July 7, 1975, approximate-

ly three months after the trial of the main case. Prior to the trial, defendant had allowed over a year to elapse since being served with the complaint, and had not discovered the contract in the Probate Judge's office. With due diligence defendant could have had an admissible copy of the contract available at trial for impeachment purposes. A copy from the probate office would have been admissible without further authentication. The trial court was within its discretion in refusing to retry this case where defendant produced nothing more than this.

For the above stated reasons, the judgment of the trial court is affirmed.

AFFIRMED.

APPLICATION FOR REHEARING GRANTED.

WRIGHT, P. J., and HOLMES, J., concur.