81 So.2d 689

**Ex parte Henry L. WILSON.**

6 Div. 907.

Supreme Court of Alabama.

June 30, 1955.

Barber & Barber, Birmingham, for respondent.

Davis & Marsh, Bessemer, for petitioner.

## PER CURIAM.

We have for consideration an original petition for mandamus directed to the Hon. J. Russell McElroy, Judge of the Circuit Court of Jefferson County, sitting in Birmingham, to require him to order the transfer of a suit pending in said court to the Bessemer Division. The case is designated as No. 30758–X, and was filed on December 10, 1953, and service was had on defendant (this petitioner Henry L. Wilson) on December 22, 1953. The suit is by Ollie Mae Finklea to recover damages based on an automobile accident which occurred in the Bessemer Division of Jefferson County (the Tenth Judicial Circuit). Both plaintiff and defendant reside in the Birmingham Division of the court.—Local

Acts 1935, pages 216–219. That case is one of five companion cases pending in said court by different plaintiffs against the same defendant (this petitioner). The other four cases are numbered 30759–X, 30760–X, 30761–X and 32205–X. All of them, except case No. 32205–X, were filed the same day as the instant case, to wit, December 10, 1953. Case No. 32205–X was filed July 16, 1954, and service was had on defendant August 4, 1954. As to that case no defensive pleading having been filed, plaintiff took a judgment by default on September 9, 1954, with leave to prove the damages which was done on September 20, 1954. On October 14, 1954 both parties consented for the default judgment to be set aside and it was so ordered. On November 12, 1954 the case was set for trial for January 31, 1955.

The petition alleges, and it is not denied, that petitioner had a policy of liability insurance covering this accident. But this insurer contended that the policy had been cancelled before the accident. That on January 10, 1954, after the instant suit at law had been filed on December 10, 1953, the insurer instituted a suit on the equity side of the court in Birmingham seeking a declaratory judgment as to whether the policy had been cancelled and whether it was bound to defend that suit. The plaintiff in the suit at law was made a party defendant in the equity suit and an injunction was sought restraining the prosecution of the suit at law pending the equity proceeding. The other three plaintiffs, not including the plaintiff in case No. 32205–X (for there was then no such suit), were also made parties defendant in the equity suit and the injunction was sought as to them also. On January 20, 1954 a temporary injunction was issued applicable to those four cases. On July 14, 1954 a final decree was rendered denying relief; and on August 13, 1954 insurer took an appeal to this Court.

The instant case being set for trial on November 1, 1954 was continued at the instance of petitioner to November 8, 1954. On November 8, 1954 this Court made an order staying proceedings in all of said four suits at law upon the execution of bond. The bond was made and a temporary writ issued on November 9, 1954.

On December 16, 1954, while the equity suit was in this Court on appeal, and while the injunction issued by this Court was in effect, the defendant (this petitioner) and plaintiffs in all five of the suits, including case No. 32205–X, appeared in the circuit court at Birmingham by counsel and consented that said court order all of said five cases tried together in one trial. Such an order was made on that day. On March 10, 1955 this Court affirmed the judgment of the equity court; and on May 19, 1955 overruled the application for rehearing. Trans-America Ins. Co. v. Wilson, 262 Ala. 532, 80 So.2d 253.

The first document of pleading which this petitioner filed as the defendant in case No. 30758–X (the instant suit) was a plea in abatement which was filed March 15, 1955. This Court had held that such a plea is not appropriate in respect to such a situation, but that a motion to transfer the suit to the Bessemer Division is the appropriate procedure. Ex parte Central of Georgia Ry. Co., 243 Ala. 508, 10 So.2d 746.

Without anything being done as to the plea in abatement, this petitioner, on May 23, 1955, made a motion to transfer the cause to the Bessemer Division. The motion was argued and submitted on that day, and on May 24, 1955 the court overruled it. This petition for mandamus was presented to this Court on May 26, 1955 when a rule nisi was issued.

The foregoing statement of the facts is not disputed and is gleaned from the allegations of the petition and answer to the rule nisi.

It will be noted that when the case was set for trial on November 1, 1954 there was no injunction in effect staying the trial. An appeal had been previously taken on August 13, 1954 and was then pending. But the injunction was not reinstated pending the appeal until November 9, 1954, when this Court issued such a writ. So that, when petitioner procured a continuance from November 1st to November 8,

1954, there was no restraining order as to the trial. There was no reason why on November 1st, when defendant procured a continuance, he did not move for a transfer which he had not done. He had from July 14, 1954, when the final decree in equity was rendered, to November 9th in which to do so without being affected by an injunction. On December 16, 1954, when defendant and the five plaintiffs in the suits at law appeared in the circuit court at Birmingham and consented for an order to be made directing a consolidated trial of all of the cases, there was in effect an injunction of the trial of four of them pending the appeal. There was no injunction which affected case No. 32205–X.

 The agreement of consolidation on December 16, 1954 was during the pendency of the injunction, but it was a voluntary act and was operative as soon as the injunction was lifted. It pertained to all five cases. There has been no effort to transfer case No. 32205–X. It is not contended that the right to have it done in that case has not been waived. A trial of it will be in Birmingham. The agreement and order of consolidation include it. Therefore the trial of the consolidated cases will be in Birmingham pursuant to an order based on an agreement. Such agreement waives the right to transfer. Jones v. Phenix-Girard Bank, 255 Ala. 51, 50 So.2d 1.

 The participation by defendant (petitioner) in having this case continued from November 1, 1954 to November 8, 1954, when he was under no restraint, was also a waiver of the right to have the case transferred. Woolf v. McGaugh, 175 Ala. 299 (13), 308, 57 So. 754; Beck v. Glenn, 69 Ala. 121 (6); Noles v. Marable, 50 Ala. 366.

 The first effort to bring the matter of venue to the attention of the court on March 15, 1955 when defendant filed a plea in abatement, was over a year after he was served with summons and complaint in the case.

We agree with the trial court that this petitioner waived his right to transfer on account of the matters referred to above. See Ex parte Central of Georgia Railway Co., supra. The petition for writ of mandamus should be denied.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Petition for writ of mandamus denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

MAYFIELD, J., not sitting.