JANVIER, Judge.
At sometime between four and six-thirty o’clock on the morning of September 24, *497 1952, Edward Harris, the 15 year old son of plaintiff was found dead in the driver’s seat of a motor truck belonging to W. E. Lopez and used by him with many other trucks in his business of drayman, in the City of New Orleans and its immediate vicinity.
Alleging that the young boy had been an employee of Lopez and had met his death as the result of an accident which had occurred in the course of and had arisen out of his employment, Olevia Perkins Harris, the mother of the boy, on August 24, 1953, brought suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson against the said Lopez praying for judgment in compensation for an amount and for a term not disclosed in the record which is now before us.
On February 27, 1956, she brought this suit against Lopez in the Civil District Court for the Parish of Orleans, averring that she had brought the first suit at the time already set forth and that since the District Judge of the Parish of Jefferson had said that he would sustain an exception to the jurisdiction of that Court, she, the plaintiff, decided to file this second suit in the Parish of Orleans in order “that there may be no interruption of the continuity of proceedings in this matter.” In this suit, though plaintiff alleged that the boy had been employed and that his rate of pay had been $50 a week, she did not pray for compensation on a weekly basis, but prayed for judgment in the sum of $12,-000.
On April 30, 1956, she filed a supplemental petition in which she alleged that, at the time of the accident, the said Lopez was operating the truck in question under a contract with the Atlantic & Pacific Tea Company, and she prayed that the said Atlantic & Pacific Tea Company be made a party defendant and be held solidarily liable with Lopez in the sum of $12,000.
Both defendants filed pleas of prescription of one year. The plea of prescription of Lopez was referred to the merits, as was also the plea of prescription of Atlantic & Pacific Tea Company, but the District Judge stated that the exception of the said corporation was referred to the merits “with some reluctance.”
Both defendants filed answers in which they averred in effect that the young boy had been an intermittent employee of Lopez; that Lopez had operated as an independent contractor of Atlantic & Pacific and that if young Harris was killed in an accident, the said accident had not occurred in the course of employment and had not arisen out of it.
There was judgment dismissing the suit as to both defendants and plaintiff has appealed.
The plea of prescription filed by defendant Lopez was not well founded. In the suit which was filed in the Parish of Jefferson, service was had on Lopez and even though that was not the parish in which he should have been sued, the service of citation on him served to interrupt prescription.
LSA-C.C. Article 3518, as amended by Act 532 of 1954, provides that:
“A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not. The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court of competent jurisdiction.”
The plea of prescription filed by the Atlantic & Pacific Tea Company should have been sustained. The only theory on which it could be held that the suit of Lopez interrupted prescription which would have accrued in favor of Atlantic & Pacific is that that corporation and lopez were solidar- *498 ily Hable, and that therefore the service upon Lopez interrupted prescription as to the Atlantic & Pacific. “A suit brought against one of the debtors in solido interrupts prescription with regard to all.” LSA-Civil Code Article 2097. See, also, Brignac v. Fontenot, La.App., 96 So.2d 66. But there is no doubt that the Atlantic & Pacific and Lopez could not be held solidarily liable.
If the young boy who was killed was an employee of Lopez, he was not an employee of the Atlantic & Pacific Tea Company, and since Lopez was shown to be an independent contractor employed by the Atlantic & Pacific Tea Company to do certain of its hauling, the corporation could not have been held liable to the mother of the boy except on the theory that that corporation was making use of an independent contractor to do a part of the work which it was organized to do and that thus, under section 1061 of Title 23 of the LSA-Revised Statutes, it could be held liable in compensation for injury to or death of an employee of Lopez if the employee of Lopez was doing work which the Atlantic & Pacific was organized to do. But under those circumstances Atlantic & Pacific would not have been solidarily liable with Lopez since that section of the statute provides that if the Atlantic & Pacific should be held liable, it would have had its recourse against Lopez. Surely then it is not a solidary obligor with the independent contractor. And if not a solidary obligor, then the suit against Lopez did not interrupt prescription which was running in favor of Atlantic & Pacific.
However, if the plea of prescription was not well founded, still the record shows beyond any possible doubt that there is no liability either in Lopez or in Atlantic & Pacific for the evidence shows that young Harris, when he met his death, was not in any sense doing any part of the job which he might have been later employed to do and that any accident which caused his death did not take place in the course of employment and did not arise out of it.
The young boy was not a regular employee of Lopez. On each day on which he desired to work he reported during early morning hours in the hope that work might be found for him and if it was found that any one of the truck drivers required a helper, the young boy might or might not be employed for that particular day. Whenever he was employed he would be paid for that work at the rate of a few cents per hundred pounds of goods which he might help to load or unload. The boy had no driver’s license and was not permitted to operate any of the Lopez trucks on the streets of the City though at times he was permitted to maneuver them to proper positions within the yard in which they were kept.
On the evening preceding the morning on which the boy was found dead in the driver’s seat of the truck, this truck with all others had come into the proper parking place. At about eleven o’clock on that night, an employee of Lopez in charge of the trucks noticed that this truck was not in its proper place and he notified the police. Very early on the next morning, apparently at about five o’clock, the truck was found in the Florida Avenue Canal and the office of Lopez was notified. The young boy who was found sitting in the driver’s seat was dead.
It was shown that neither Lopez nor Atlantic & Pacific had any business whatever to be conducted in that locality and that no one had any reason to take out the truck at that time and particularly had no reason to take it into that neighborhood.
There was no reason for the boy to appear for work that early in the morning. The work to which he was assigned when he was employed did not commence until eight o’clock, so there was no reason for him to be anywhere near the parking area so early. Surely there was nothing to require his presence as early as four or five o’clock.
From these facts it appears that not only has the plaintiff failed to carry the burden *499 of showing that there was an accident and that it happened in the course of and arose out of the employment, but, on the other hand, the defendants have affirmatively shown that such was not the case and that in all probability the young boy was killed as a result of his own attempt to take out the truck and use it for some purpose of his own.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.