126 So.2d 480

**Ex parte AIR CONTROL PRODUCTS, INC.**

**6 Div. 582.**

Supreme Court of Alabama.

Jan. 26, 1961.

Emmett R. Cox and Mead & Norman, Birmingham, for petitioner.

Hiram Dodd, Birmingham, for respondent.

COLEMAN, Justice.

This is a petition for mandamus to require the respondent, as Judge of the Circuit Court, Tenth Judicial Circuit, at Birmingham, to transfer to the Bessemer Division an action at law pending in the Birmingham Division of said court. The action is for damages for personal injury arising out of an automobile collision.

Petitioner, a corporation, is one of the defendants in said action and is hereinafter referred to as defendant. The cause of action arose within the territorial limits of the Bessemer Division. The complaint was filed in the Birmingham Division. Defendant was served with process on February 26, 1960. On March 4, 1960, under § 156, Title 13, Code 1940, defendant filed a motion to transfer the cause to the Bessemer Division. Thereafter, on March 8, 1960, defendant propounded interrogatories to the plaintiff, apparently as provided by § 477, Title 7, Code 1940. The interrogatories relate to the merits of the case. They were filed in the office of the clerk at Birmingham and not in the office of the deputy clerk at Bessemer. On April 27, 1960, the respondent overruled the motion to transfer and that ruling is here under review.

As disclosed by his answer and brief, respondent was of opinion that by filing interrogatories seeking testimony relating to the merits of the cause, defendant waived its right to have the cause transferred to the Bessemer Division. No other reason for denying transfer is suggested.

■ We understand that the sole question for decision is: Did defendant, by filing interrogatories relating to the merits, waive its right to transfer? We are of opinion that the answer is in the negative and that defendant did not waive the right to transfer.

■ In deciding this question, we must regard the motion as if it were a plea to the venue. In deciding waiver or non-waiver, of a motion to transfer, the motion was regarded as a plea to the venue in Ex parte Wilson, 263 Ala. 126, 81 So.2d 689. In that case the court held that the acts of defendant, (1) in agreeing to consolidate five suits for trial, and (2) in having the case continued at defendant's instance, each constituted a waiver of the right to transfer to the Bessemer Division. The cases there cited and relied on are as follows: Jones v. Phenix-Girard Bank, 255 Ala. 51, 50 So.2d 1, where the court held that appellants had waived their plea to the venue by filing a bill for injunction and accounting and agreeing to consolidate that suit with a suit for foreclosure of the mortgage; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754, where the court held that defendant had waived the right to file a plea objecting to the venue; Beck v. Glenn, 69 Ala. 121, which holds that defendant waived the right to file a plea of misnomer by delay in filing the plea; and Noles v. Marable, 50 Ala. 366, where the court held that the right to file a plea to the venue had been waived because the plea was filed after a continuance in the court of a justice of the peace. In other words, action by defendant that would be a waiver of a plea to the venue would be a waiver of the motion to transfer. Conversely, action by defendant that is not a waiver of the venue plea would not be a waiver of the transfer motion.

Apparently, no case in Alabama has decided whether filing interrogatories relating to the merits is a waiver of a plea to the venue, but there is a case which holds that filing interrogatories relating to the merits is not a waiver of the plea of prior action pending. In Interstate Chemical Corporation v. Home Guano Company, 199 Ala. 583, 75 So. 166, 167, action on a contract was commenced in the Circuit Court of Houston County. Defendant filed a plea in abatement. The plea alleged that at the time the action was filed in the circuit court, another action between the same parties for the same cause of action was pending in the District Court of the United States. To the plea, plaintiff filed three replications, the first being the general issue, and the second alleging that a nonsuit had been entered in the District Court since the filing of the plea. The third replication, as it appears in Vol. 2464 of the records of this court recites as follows:

"3. For further replication to the said plea the plaintiff says,—The defendant has waived its said plea in abatement by reason of the fact that since the filing of the original plea in abatement and on the 22nd day of April, 1916, the defendant propounded interrogatories to the plaintiff under section 4049 of the Code of Alabama, said interrogatories relating to the merits of the cause."

Judgment for defendant was reversed in the Interstate case for error in overruling demurrer to the plea in abatement. This court held that the demurrer to the plea was due to be sustained because the plea did not aver that the action in the District Court was pending at the time the plea in abatement was filed in the circuit court. With that holding, however, we are not here concerned.

We are here concerned with the affirmance of the trial court's action in sustaining the demurrer to the third replication which is copied supra. Affirmance of that action squarely holds that filing interrogatories relating to the merits of the cause under § 4049, Code 1907, is not "an admission that the defendant was rightly in court," that is, the court in which the objection to the jurisdiction had been raised.

■ As it appears to us, there is no sufficient reason to distinguish a plea to the venue from a plea of prior action pending in so far as the question of waiver or nonwaiver is concerned. Neither plea is a plea in bar of the cause of action. The pendency of another suit does not destroy jurisdiction, and until the later suit is abated, it may proceed. Alabama Power Company v. City of Scottsboro, 238 Ala. 230, 190 So. 412. Both pleas are in abatement, both challenge the right of the court to hear and decide the particular case, but neither plea challenges the jurisdiction of the subject matter of the suit. It is said in Woolf v. McGaugh, supra, that there are two elements of jurisdiction in personal actions, i. e., of the subject matter and of the parties. It is there said that consent of the parties cannot confer jurisdiction of the subject matter, for that is derived from the law, but when the court has jurisdiction of the subject matter, parties may confer jurisdiction of their persons, and that venue may be waived in personal actions.

■ A plea of prior action pending may be waived. Ex parte Dunlap, 209 Ala. 453, 96 So. 441. A plea to the venue may be waived, Ex parte Wilson, supra. On the question of waiver we see no distinction between the two pleas in abatement. We are of opinion that if filing interrogatories relating to the merits is not a waiver of a plea of prior action pending, then filing such interrogatories is not a waiver of a plea to the venue.

As stated above, the motion to transfer, with respect to waiver, stands in the same position as a plea to the venue, and, because a plea to the venue is not waived by filing interrogatories relating to the merits, a motion to transfer is not waived by filing such interrogatories.

Argument is made that under the decision in Melvin v. Scowley, 213 Ala. 414, 104 So. 817, the holding of the Interstate case must be overruled or modified. In Melvin v. Scowley, supra, this court held that where defendant had filed a plea to the venue and had appeared specially for the purpose of moving to dissolve an attachment, the trial court did not err in refusing to compel defendant to answer interrogatories relating to the merits. The argument now made is that under that holding, a defendant who files interrogatories relating to the merits must be considered as availing himself of the power of the court to defend on the merits and thereby waives the plea to the venue. In brief filed on behalf of respondent, it is said that if defendant, pending its challenge to the jurisdiction, is not forced to answer such interrogatories, then defendant cannot be in court to propound such interrogatories without waiving its challenge to the jurisdiction, and that defendant cannot at one and the same time be exempt from answering and yet have the right to compel plaintiff to answer. As to this argument we observe that defendant has not here sought to penalize plaintiff for failure to answer. When defendant seeks to penalize plaintiff for failure to answer, the question whether such conduct by defendant amounts to a waiver of the motion to transfer will then be presented for decision. In the present state of the record, the doctrine of the Interstate case, as it seems to us, should be followed.

We have carefully noted authorities cited to support the general rule that if defendant does, in the court in which the action was commenced, any act directed to defense on the merits and not appropriate to support the plea in abatement, then defendant waives the right to abatement. As already indicated, however, we are constrained to follow the rule of the Interstate case, since it has stood unquestioned in this jurisdiction more than forty years. The fact that the provisions of § 4049, Code 1907, with respect to interrogatories in an action at law, have been re-enacted in the Codes of 1923 and 1940 without substantial change is another reason why we should adhere to the former decision.

The opinion in the Interstate case cites and relies on Oates v. Clendenard, 87 Ala. 734, 6 So. 359, where the court held that defendant did not, by demanding a bill of particulars, waive the defense of misnomer. The court said that such notice was "not a plea, nor in any sense a defense on the merits. It was, at most, a step, preparatory to defense." The court observed that "if there was a meritorious defense, it would certainly be the dictate of prudence to be prepared to make it." This observation suggests that one reason for holding that filing interrogatories relating to the merits is not a waiver, is the policy of the law to expedite the disposition of controversies. If the defendant, by preparing for trial on the merits, should lose the right to insist on matter in abatement, then the defendant would not take the steps necessary to make such preparation until after the issue made by the plea in abatement had been decided. Such delay would not expedite the business of the court.

The writ of mandamus is due to be awarded. Unless, upon advice of this decision, the motion to transfer is granted, a writ will issue on request of petitioner.

Writ awarded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.