STEAGALL, Justice.
Certiorari was granted in this case in order to determine whether Adolph Sutton’s motion to transfer was timely filed in Mobile Circuit Court. We find that it was and reverse.
Thomas Couch filed a three-count complaint against Sutton in the District Court of Mobile County on February 28, 1985. Counts one and three of the complaint alleged an action in contract, while count two alleged an action in tort for conversion.
Sutton filed an answer in the district court on July 29, 1985, in which he raised the issue of improper venue. A trial was held on November 14, 1985, and a judgment was rendered for Couch on November 15, 1985. Sutton filed a notice of appeal to the Circuit Court of Mobile County on November 26, 1985.
On February 13, 1986, Sutton filed a motion to dismiss, a motion for summary judgment, and a motion to transfer. On March 7, 1986, after a hearing before the circuit court, count two of the complaint was dismissed and the motion to transfer was continued. On March 13, 1986, the motion to transfer was submitted to the court on the basis of arguments which were made to the court on March 7, 1986, and affidavits. The motion to transfer was denied on March 18, 1986. Sutton then filed a petition for writ of mandamus with the Court of Civil Appeals. The writ of mandamus was denied on the ground that the motion to transfer was not timely filed. The merits of the motion to transfer were not addressed; thus, this opinion will address only the timeliness issue. (The Court of Civil Appeals issued no opinion.)
Rule 12(b), A.R.Civ.P., provides that certain defenses, including improper venue, may at the option of the defendant be made by motion in . the circuit court. The assertion of these defenses by motion is not available in the district court, but may be there made by answer. Committee Comments, Rule 12(dc)(2), A.R.Civ.P. Sutton timely raised the issue of improper venue in his answer in district court.
There is not a rule that specifically provides for the timely filing of a motion to transfer when a judgment in district court is appealed to circuit court. The rules do provide that objections to improper venue are waived if not raised in the first responsive pleading or first motion. Rules 12(g), *682 12(h)(1), A.R.Civ.P.; see also Den-Tal-Eze Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980).
Suttón filed his notice of appeal to the circuit court on November 26, ,1985. His first filing in circuit court was a motion to transfer, along with a motion to dismiss and a motion for summary judgment, filed on February 13, 1986. Since the question of improper venue was timely raised in the first filing, the judgment of the Court of Civil Appeals is reversed, and the cause remanded for consideration of the merits of the motion to transfer.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and HOUSTON, JJ., concur.
MADDOX and BEATTY, JJ., dissent.