Pearson Management Company ("Pearson") petitions this Court for a writ of mandamus directing Judge Charles L. Woods, of the Circuit Court of Geneva County, to vacate his order transferring an action filed in Geneva County to Coffee County.
On August 16, 1994, in Geneva County, Pearson sued Charles McQuaid, Coffee County Bank, and Coffee County Sheriff James Counts, claiming, among other things, fraud and conversion. That action was based on the following facts: McQuaid was employed by Pearson as its accountant when, Pearson says, he converted the company's funds into his own personal account through forgeries and other methods. Pearson claimed that Coffee County Bank was negligent in cashing the forged checks, which were illegally signed by McQuaid and which, Pearson says, clearly were forged. Coffee County Bank deposited $26,147 into Pearson's checking account in order to replace the funds taken by McQuaid. However, Coffee County Bank subsequently removed $11,079.41 from Pearson's account and paid those funds to Coffee County Sheriff James Counts for him to hold until the court determines who is entitled to the funds.
Pearson is an Alabama corporation with headquarters in Coffee County. McQuaid resides in Geneva County. McQuaid has been indicted by a Coffee County grand jury for forgery, based on the facts set out above. Coffee County Bank does its primary business in Coffee County. James Counts is the sheriff of Coffee County.
Coffee County Bank and Sheriff Counts moved to transfer the case from Geneva *Page 50 
County to Coffee County. At a hearing on the motion, McQuaid joined in the motion to transfer. The trial court subsequently granted the motion to transfer.
A writ of mandamus is the proper method for challenging venue based on the doctrine of forum non conveniens. Ex parte AlabamaPower Co., 640 So.2d 921 (Ala. 1994). On review of an order transferring or refusing to transfer a case, a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial court. Ex parte South Trust Bank ofTuscaloosa County, N.A., 619 So.2d 1356 (Ala. 1993). The burden of proving error is on the party raising the issue of venue.Id.
The doctrine of forum non conveniens is applicable only where the action is commenced in a county in which venue is appropriate. Where several claims or parties have been joined, the action may be brought in any county in which any one of the claims could properly have been brought. Rule 82(c), A.R.Civ.P. All the parties concede that venue in this case would be appropriate in either Geneva County or Coffee County.
We must decide whether the trial court clearly erred in transferring based on the doctrine of forum non conveniens. The purpose of this doctrine is to prevent a waste of time, energy, and money and to protect the witnesses, the litigants, and the public against unnecessary expense and inconvenience. Ala. Code 1975, § 6-3-21.1. The transferee forum must be significantly more convenient than the forum in which the action was brought, as chosen by the plaintiff, to justify a transfer. Ex parteTownsend, 589 So.2d 711 (Ala. 1991).
We cannot say that the trial court clearly erred in transferring this case. A writ of mandamus is an extraordinary remedy that will not be granted absent a clear showing of a right to relief. Ex parte Alabama Power Co., 640 So.2d 921
(Ala. 1994). Pearson failed to show that it was clearly entitled to relief. This case involves several checks that were negotiated through Coffee County Bank in Coffee County. The funds at issue are in Coffee County. McQuaid has been criminally indicted in Coffee County. Finding no abuse in the trial court's exercise of its discretion, we deny the writ.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES, and COOK, JJ., concur.