SHORES, Justice.
Associates Financial Services Company of Alabama, Inc., the defendant in an action pending in the Greene Circuit Court, petitions for a writ of mandamus directing the trial judge to transfer this case from Greene County to Houston or Bullock County. We deny the writ.
The plaintiff, Johnnie L. Faniel, Sr., filed his initial complaint on May 8, 1996, alleging fraudulent practices on the part of Associates in connection with consumer credit transactions; he alleged that these practices violated the Alabama Mini-Code, § 5-19-1 et seq., Ala.Code 1975. The plaintiffs claims relate specifically to the practice of “flipping.”[1]
Associates responded by filing a motion to transfer, in which it sought a change of venue based upon the doctrine of forum non conve-niens, relying on § 6-3-21.1, Ala.Code 1975. This motion to transfer assumed that venue was proper in Greene County. The trial court set a date for a hearing; in the interim, the plaintiff moved for class certification. The trial judge conditionally certified two statewide classes. Associates then amended its motion to transfer, alleging that, under § 6-3-7, Ala.Code 1975, venue in Greene County was improper. The plaintiff amended his complaint to allege a breach of contract.
The trial judge heard oral arguments on Associates’ motion to transfer, as amended to allege improper venue, and entered an order that stated in pertinent part:
“1. The Defendant’s Amendment to Motion to Transfer on grounds of improper venue is denied as the motion is untimely, has been waived, and/or is inconsistent with the Defendant’s initially filed Motion to Transfer under § 6-3-21.1, which presupposes venue is proper in this County.
“2. The Defendant’s Motion to Transfer on grounds of forum non conveniens is held pending discovery limited to class cer-. tification issues, because a final decision on class certification may have an impact on any determination of where this action should be litigated. This is, if this action is suitable for statewide class treatment, there is no question that litigating the action here would be appropriate.
“3. On Defendant’s Motion to Reconsider and Vacate Order conditionally certifying class, the Court hereby decertifies the conditional class, without prejudice, until the Court conducts a full evidentiary hearing.”
Associates claims that the trial judge abused his discretion or acted contrary to law relat *838 ing to the venue question by delaying his ruling on the motion to transfer based upon the forum non conveniens statute.
A writ of mandamus is a drastic and extraordinary writ to be issued only where there is a “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989) (quoting Ex parte Edgar, 543 So.2d 682 (Ala.1989)); Ex parte Pearson Management Co., 667 So.2d 48 (Ala.1995). Under the facts and circumstances of the present case, Associates has no “clear legal right” to an order transferring the case. Associates waived the right to raise the question whether venue was proper under § 6-3-7, Ala.Code 1975, and venue in Greene County was made proper by the amendment to the-complaint. Rule 12(b), Ala. R. Civ. P.; Till v. State, 595 So.2d 871 (Ala.1992).
We find no clear abuse of the trial judge’s discretion, nor any arbitrary or capricious exercise thereof, in the judge’s delaying a ruling on the motion to transfer pending consideration of limited discovery .on issues of class certification that are relevant to the motion. A delay in ruling on a motion is not, as Associates argues, an ipso facto denial of the motion, nor is it in this case an abuse of discretion. Ex parte Ford Motor Credit Co., 561 So.2d 244 (Ala.Civ.App.1990).
For the reasons stated above, the petition for the writ of mandamus is due to be denied.
WRIT DENIED.
ALMON, KENNEDY, and COOK, JJ., concur.
RICHARD L. HOLMES, Retired Appellate Judge, concurs.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.
BUTTS, J., recuses.

. “Flipping” is the practice of inducing borrowers to refinance existing loans when they need more credit, rather than making new and separate loans.