I respectfully dissent. Section 6-5-546, Ala. Code 1975, provides:
 "If plaintiff alleges that plaintiff's injuries or plaintiff's decedent's death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff's decedent resided at the time of the act or omission if the action is one for wrongful death."
The plaintiff, Mr. Wilson, brought this action in Wilcox County, the county of residence of the decedent in this case — his wife. The trial court granted that motion, and Mr. Wilson filed a petition for a writ of mandamus with this Court. The majority has granted that petition, stating that the last sentence of § 6-5-546 has such a limited field of operation that this action cannot be transferred, given the circumstances of this case.
Contrary to the premise of the majority opinion, there is no conflict in the statute, the last sentence of which provides:
 "For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party."
§ 6-5-546, Ala. Code 1975. The most logical explanation for the application of the above two sentences is the plain reading of the statute. A plaintiff "must" bring an action against a health-care provider in the county where the plaintiff's decedent resided, but, "[f]or the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder." The words "might have been brought hereunder" should be read broadly in order to give full meaning to the purpose intended by the Legislature. In the broadest interpretation, those words refer to § 6-5-546 in its entirety and should include any county listed in the statute wherein an action "might have been brought"[1]
under any scenario found in the statute. Otherwise, the fourth sentence is meaningless.
The interpretation I find much more reasonable is based on the Legislature's purpose in passing the statutes dealing *Page 1114 
with medical malpractice as part of the tort reform package of the 1980's. The Legislature stated its purpose in § 6-5-540:
 "This legislature finds and declares that the increasing threat of legal actions for alleged medical injury causes and contributes to an increase in health care costs and places a heavy burden upon those who can least afford such increases, and that the threat of such actions contributes to expensive medical procedures to be performed by physicians and other health care providers which otherwise would not be considered necessary, and that the spiraling costs and decreasing availability of essential medical services caused by the threat of such litigation constitutes a danger to the health and safety of the citizens of this state, and that this article should be given effect immediately to help control the spiraling cost of health care and to insure its continued availability. Additionally, the legislature finds that the increasing threat of legal actions for alleged medical injury has resulted in a limitation on the number of physicians providing specialized health care in this state."
Section 6-5-540, "Legislative intent," is part of Article 29, Medical Liability Act of 1987, which includes § 6-5-546 dealing with venue of medical-liability actions.
Under the majority's interpretation, the statutes that governed venue for medical-care providers before the enactment of the first Medical Liability Act — both the venue statute relating to individuals, § 6-3-2, Ala. Code 1975, and the venue statute relating to corporations, § 6-3-7, Ala. Code 1975 — create greater choice with regard to forums in a medical-malpractice action than we have after the passage of the original Medical Liability Act. Considering the Legislature's purpose in enacting this legislation, such a result is not logical and does not comport with legislative intent. Those older statutes allowed venue in personal-injury actions in either the county in which the plaintiff resided or the county in which the acts complained of occurred. Yet the majority's interpretation now, after the passage of the Act, is that there are even fewer choices of forums when the choice is for the convenience of the parties.
Moreover, such an interpretation could easily result in impractical — if not unjust — situations for health-care providers. For example, if a plaintiff who is a resident of Mobile County filed an action against medical providers for acts allegedly committed in two north Alabama counties, the trial court would be unable to transfer the case from Mobile County, no matter how inconvenient that forum may be for witnesses and the medical defendants. Such an interpretation would remove from the trial judge all discretion as to the appropriate venue for an action.
The purpose of the doctrine of forum non conveniens is to prevent a waste of time, energy, and money, and to protect witnesses, the litigants, and the public against unnecessary expense and inconvenience.Ex parte Pearson Mgmt. Co., 667 So.2d 48 (Ala. 1995). The statutes that formerly governed venue with respect to medical-malpractice actions, §§ 6-3-2 and 6-3-7, allowed the trial court to choose more than one county as an appropriate venue. The majority's interpretation would limit the choice, in this type of case, to one county only — the county of the decedent's residence. In my opinion, such an interpretation is not faithful to the intent of the Legislature in enacting § 6-5-546.
The conflict alleged to exist within this statute is easily resolved by interpreting it in light of the Legislature's intent in enacting this legislation and recognizing that *Page 1115 
the word "hereunder" refers to the whole of § 6-5-546 and every possible scenario covered by that statute. Therefore, I respectfully dissent.
[1] The use of the word "might" as opposed to the word "must" indicates that a broader interpretation of the last sentence is reasonable.