PARKER, Justice.
 

 Movie Gallery, Inc., Movie Gallery US LLC, Movie Gallery Services, Inc., and
 
 *106
 
 M.G.A., Inc. (hereinafter referred to collectively as “Movie Gallery”),
 
 [1]
 
 petition for a writ of mandamus directing the Montgomery Circuit Court to vacate its order denying Movie Gallery’s motion to transfer the underlying case to Houston County and to transfer the case. We grant the petition and issue the writ.
 

 Background
 

 The complaint alleges that the plaintiff, William Nixon, was sent by his employer, Facility Master, an organization defined in the complaint only as “a Florida company,” to install equipment in Movie Gallery stores in Illinois. Nixon worked in nine stores in Illinois on October 30, 2004. While he was at work in the ninth store, the district manager for Movie Gallery telephoned Nixon to question the authorization for the work Nixon had performed. For reasons not explained, the district manager then telephoned the local police and reported that Nixon was at the Movie Gallery store and that he was intoxicated. The police responded and determined that Nixon was not intoxicated; they told Nixon that he was free to leave the store.
 

 The complaint further alleges that either the district manager or another manager for Movie Gallery then telephoned Facility Master and advised Facility Master that the police had had to remove Nixon from the Movie Gallery store because he was intoxicated while he was on the job. Facility Master terminated Nixon’s employment on October 31, 2004.
 

 Alleging that the Movie Gallery entities are Alabama corporations doing business in Montgomery County, Nixon, a resident of North Carolina, sued Movie Gallery in the Montgomery Circuit Court on October 27, 2006. Nixon’s complaint alleged that Movie Gallery had slandered him and had intentionally interfered with his business relationship with Facility Master. The parties agreed to an extension of time for Movie Gallery to file its answer, and Movie Gallery answered on December 22, 2006. In its answer, Movie Gallery pleaded, among other defenses, “improper venue.” On February 15, 2007, Movie Gallery filed a motion for a change of venue. Nixon filed his response on March 15, 2007, and the trial court heard arguments on the motion on April 30, 2007.
 

 In its motion for a change of venue, Movie Gallery argued that venue in Montgomery County is improper under § 6-3-7(a), Ala.Code 1975,
 
 [2]
 
 because none of the alleged acts complained of took place in Alabama, because Nixon does not reside in a county in Alabama, and because the principal office of the Movie Gallery entities is in Houston County. These facts, Movie Gallery argues, mandate that the proper
 
 *107
 
 venue for the action is Houston County, not Montgomery County.
 

 In his response to the motion for a change of venue, Nixon argued that the statement in the motion — “[Movie Gallery] plead[s] improper venue” — was not sufficient to invoke Rule 12(b)(3), Ala R. Civ. P., and plead the defense of improper venue because, he says, Movie Gallery “failed to even cite Rule 12(b)(3) and failed to plead any factual basis for its assertion of improper venue.” Nixon further asserted that Movie Gallery’s motion was untimely filed and that it should be denied on the basis that the issue of improper venue was waived. In the alternative, Nixon argued that, even if the motion was timely filed and the defense not waived, Movie Gallery had failed to meet its burden of proof to establish improper venue.
 

 At the April 30, 2007, hearing,
 
 [3]
 
 the trial court heard argument on the issue whether Movie Gallery had waived the defense of improper venue. Nixon argued that “while an extension was agreed upon by the parties for the filing of an answer, the defense of improper venue was waived as a result of the extension of time .... ” Because Movie Gallery disagreed with the assertion that it had waived the defense of improper venue, the trial court requested that the parties brief the issue.
 

 In its brief in response to the trial court’s request, Movie Gallery addressed issues Nixon apparently raised in the hearing. Movie Gallery again presented its argument that venue in Montgomery County is improper under § 6-3-7(a), Ala. Code 1975. It then addressed the issue whether an agreement for an extension of time in which to file an answer waives Rule 12, Ala R. Civ. P., defenses. Quoting from this Court’s decision in
 
 Rivers v. Stihl, Inc.,
 
 434 So.2d 766, 771 (Ala.1983), Movie Gallery argued that “ ‘[a] motion containing a request for extension of time does not cause a waiver of Rule 12 defenses unless some additional language in the motion would constitute a waiver.’ ”
 
 Rivers
 
 was concerned with a Rule 12(b)(4) defense — insufficiency of service — as opposed to Movie Gallery’s Rule 12(b)(3) defense — improper venue — but Movie Gallery argued that because the defense in
 
 Rivers
 
 and the defense it asserts are both treated alike in Rule 12 and are both specifically addressed together in Rule 12(h)(1), the holding in
 
 Rivers
 
 that an extension of time in which to file an answer does not, without more, constitute a waiver of Rule 12 defenses applies to the defense of improper venue as well as to the defense of insufficiency of service.
 

 Movie Gallery presented a second argument addressing waiver, based on Rule 12(h)(1), Ala. R. Civ. P., saying that a defense of improper venue is waived if it is “ ‘neither made by motion ... nor included in a responsive pleading or an amendment thereof as permitted by Rule 15(a) .... ’ ([e]mphasis added).” Movie Gallery stated that it asserted the defense of improper venue in the first responsive pleading filed in the case.
 

 As a third argument, Movie Gallery cited Rule 8(b), Ala. R. Civ. P., which states that in setting forth a defense in a responsive pleading “ ‘a party shall state in short and plain terms the party’s
 
 defenses
 
 to each claim asserted ....’” (Emphasis added.) Movie Gallery then concluded that an agreement to extend the time for filing an answer is, in fact, an agreement to allow the party additional time to state “in short and plain terms the party’s defense” and
 
 *108
 
 that there was no evidence indicating that the agreement to extend the time in which to file an answer constituted a waiver.
 

 In its final argument in its supplemental brief to the trial court, Movie Gallery rebutted Nixon’s assertion made at the hearing that
 
 Ex parte Air Control Products, Inc.,
 
 271 Ala. 646, 126 So.2d 480 (1961), held that a defendant’s voluntary act in having a case continued constituted a waiver of the right to transfer the case based on improper venue. The argument was repeated in Nixon’s response to the trial court’s order for briefs on the waiver issue. In rebuttal, Movie Gallery argued that
 
 Air Control Products
 
 was decided before Alabama adopted the Alabama Rules of Civil Procedure, that the Court in
 
 Air Control Products
 
 had found that there was no waiver in that case, and that although the case contained the statement that “[a] plea to the venue may be waived,” 271 Ala. at 648, 126 So.2d at 482-83, that principle is not in question in this case. What is in question is whether the defense
 
 was
 
 waived in the present case.
 

 Nixon, in his supplemental brief to the trial court, argued that Movie Gallery’s request for “a continuance to answer the complaint” constituted a waiver of its right to “file a [Rule] 12(b)(3) objection to venue” under the rule of
 
 Air Control Products.
 
 He cited
 
 Ex parte Associates Financial Services of Alabama, Inc.,
 
 705 So.2d 836 (Ala.1997), as holding that the defendant in that case had waived the right to question whether venue was proper under § 6-3-7, Ala.Code 1975, and
 
 Ex parte Till,
 
 595 So.2d 871 (Ala.1992), for the proposition that a defendant who answers a complaint but fails to raise a Rule 12(b)(3) objection in his answer waives the objection and has “waived the right to question whether venue was proper under § 6-3-7, Ala.Code 1975.”
 
 Ex parte Associates Fin. Servs.,
 
 705 So.2d at 838. He then directed the trial court’s attention to
 
 “Ex Parte AAMCO Transmissions, Inc.,
 
 897 So.2d 285[, 288] ([Ala.] 2004), which holds that ‘If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading,
 
 the objection is waived.’
 
 ” Nixon concluded that because Movie Gallery’s motion for a change of venue was filed on February 15, 2007, after its answer was filed on December 22, 2006, it is untimely and should be denied.
 

 Nixon then advised the trial court that, if it determined that Movie Gallery had not waived the defense of improper venue, the burden was on Movie Gallery to show that venue in Montgomery County was improper and that the trial court should give deference to the plaintiffs choice of a proper forum.
 

 On July 27, 2007, the trial court, stating no reasons for its action, denied Movie Gallery’s motion for a change of venue. Movie Gallery then filed in this Court its petition for a writ of mandamus directing the trial court to vacate its order denying Movie Gallery’s motion for a change of venue and to transfer the action to the Houston Circuit Court.
 

 Analysis
 

 ‘“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’
 
 Ex parte Alabama Great Southern R.R.,
 
 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
 
 Ex parte Integon Corp.,
 
 672
 
 *109
 
 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court.
 
 Ex parte National Sec. Ins. Co.,
 
 727 So.2d 788, 789 (Ala.1998).
 

 “ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’
 
 Ex parte Finance America Con).,
 
 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.
 
 Ex parte American Res. Ins. Co.,
 
 663 So.2d 932, 936 (Ala.1995).”
 

 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002).
 

 As the movant, Movie Gallery had the burden of proving that venue in Montgomery County was improper. Once Movie Gallery made a prima facie showing that the venue in Montgomery County was improper, the burden then shifted to Nixon to rebut the prima facie showing. See
 
 Ex parte Pike Fabrication,
 
 859 So.2d at 1092.
 

 Movie Gallery’s primary argument relies on the plain wording of § 6-3-7(a), Ala.Code 1975. The statute provides that an action against a corporation may properly be brought in any county in which a substantial part of the events or omissions giving rise to the claim occurred, or in which the corporation’s principal office in this state is located, or in which the plaintiff resides, if the plaintiff is an individual, or, if none of the foregoing apply, then in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action. Nixon is not a resident of Alabama, and the acts complained of did not take place in Alabama; thus, the first and third options in § 6-3-7(a) will not apply. The Movie Gallery entities do have their principal office in Houston County. Unless an argument presented to the trial court would justify the denial, the motion to transfer the case to the Houston Circuit Court should have been granted, and the denial of the motion would indicate error on the part of the trial court.
 

 The Alabama Rules of Civil Procedure provide two ways in which the venue chosen by the plaintiff may be challenged as of the commencement of the action: Rule 12(b)(3) provides for the challenge of venue within 30 days, either in the responsive pleading, i.e., the answer, or by a motion made before the responsive pleading. Rule 82(d)(1) provides for the transfer of the action by timely motion of the defendant when venue has been laid in the wrong county.
 

 In his brief in opposition to Movie Gallery’s petition for a writ of mandamus, Nixon argues that Movie Gallery’s motion for a change of venue filed on February 15, 2007, was untimely because the complaint was filed on October 27, 2006, which Nixon implies is the date of the triggering event. He argues that Rule 82(d) (2) (C) (iii), Ala. R. Civ. P., provides that “[a] defense of improper venue under this rule is waived if a motion to transfer is not served within the time limits of subsection (d)(2)(C)(i)-(ii) of this rule.” The referenced subsections each require that such a motion be filed within 30 days after a triggering event, which, under both (i) and (ii) is the dismissal from an action of a defendant whose presence made venue proper. Neither subsection (i) nor (ii) apply to a motion for a change of venue at the commencement of the action, as is the case here. Rule 82(d)(1), Ala. R. Civ. P., addresses that eventuality:
 

 “When an action is commenced laying venue in the wrong county, the court, on
 
 *110
 

 timely
 
 motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
 

 (Emphasis added.) In this case, the motion for a change of venue was filed on February 15, 2007, less than two months after the answer, which presented the defense of “improper venue,” was filed on December 22, 2006.
 

 Movie Gallery directs our attention to
 
 Ex parte Sutton,
 
 508 So.2d 681 (Ala.1986), to establish that its filing of the motion for a change of venue was timely. In
 
 Ex parte Sutton,
 
 the defendant raised the issue of improper venue in an answer filed in the district court on July 29, 1985. After a trial in the district court, he filed a notice of appeal to the circuit court on November 26, 1985. On February 13, 1986, he filed in the circuit court a motion to transfer the case. This Court held that the motion to transfer was timely filed, pointing out that the defendant’s first filing in the circuit court was the motion to transfer. In this case, Movie Gallery raised the issue of improper venue in its answer, as Nixon admits, stating that “[t]heir answer did include at Paragraph # 26 the defense of ‘improper venue.’ ” Nixon’s brief, at 2.
 

 Nixon argues in this Court that the “[defendants did not file [a Rule 12(b)(3) motion] prior to the answer or within their answer,” and “[n]owhere in the Defendants’ Answer do they make a Rule 12(b)(3) objection or request a change of venue.” Nixon’s brief, at 3, 7. Nixon’s argument implies that a valid assertion of the affirmative defense of improper venue in an answer must include a motion for a change of venue under Rule 12(b)(3). However, Nixon does not provide any legal argument or authority indicating that the improper-venue defense asserted in the answer is insufficient. “We have stated that it is not the function of this court to do a party’s legal research. Similarly, we cannot create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.”
 
 Spradlin v. Spradlin,
 
 601 So.2d 76, 78-79 (Ala.1992). The assertion of the Rule 12(b)(3) affirmative defense of improper venue in Movie Gallery’s answer was sufficiently clear to raise that defense.
 

 Nixon next argues that Movie Gallery waived its right to move for a change of venue. The argument centers on whether Movie Gallery waived its right to assert improper venue by virtue of the agreement to extend the time for filing an answer. The only evidence concerning the agreement presented is a letter from Movie Gallery’s counsel thanking Nixon’s counsel “for agreeing to grant an extension of time in which to file an Answer on behalf of [Movie Gallery].” Nixon has presented no evidence of an explicit waiver by Movie Gallery. Thus, there is a showing that an extension of time to submit its answer was afforded Movie Gallery, and “[o]f course, any effective extension of the period in which to serve a responsive pleading preserves the right to make a motion under Rule 12(b) during the enlarged time period.” 5C Charles Alan Wright & Arthur R. Miller,
 
 Federal Practice and Procedure
 
 § 1361 at 97 (3d ed.2004). Cf.
 
 Rivers v. Stihl, Inc.,
 
 434 So.2d at 771 (“A motion containing a request for extension of time does not cause a waiver of Rule 12[, Ala. R. Civ. P.,] defenses unless some additional language in the motion would constitute waiver. Such was not the case here.”).
 
 [4]
 

 
 *111
 
 Contrary to Nixon’s assertion that Movie Gallery waived its right to challenge Nixon’s venue selection, Movie Gallery, by asserting its defense of improper venue in its answer, preserved its right to file a timely motion for a change of venue under Rule 82(d)(1), which provides:
 

 “When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
 

 Here Movie Gallery filed its motion for a change of venue 81 days after its answer would have been due, absent the agreement, and 55 days after its answer was filed pursuant to the agreement. Under the facts as presented to this Court, the motion was not untimely.
 

 We hold that the motion for a change of venue was not untimely, and the trial court erred to the extent, if any, that it relied on the untimeliness argument to formulate its decision to deny Movie Gallery’s motion for a change of venue.
 

 Nixon next argues that Movie Gallery failed to carry its burden of proving that venue was proper in Houston County. Nixon challenges the affidavit of Ashton Ott, “the Director of General Litigation and Associate Counsel for Movie Gallery US, LLC, Movie Gallery Canada and Hollywood Entertainment Corporation,” attached to Movie Gallery’s February 15, 2007, motion. Ott testified that Movie Gallery, Inc., was a Delaware corporation and that the Movie Gallery entities’ principal office was in Houston County, Alabama. Nixon argues that the affidavit did not state that each Movie Gallery entity “did not have its principal place of business in Montgomery County at the time the lawsuit accrued (October 30, 2004) or at the time it was filed (October 27, 2007 [sic — - 2006]).” Nixon’s brief, at 9. He further asserts that, although Ott testified that the Movie Gallery entities had their principal place of business in Houston County on February 15, 2007, “the operative date is the date the lawsuit accrued (October 30, 2004).”
 

 Movie Gallery notes:
 

 “[T]he Alabama Code § 6-3-7(a)(2) does not require a statement of the corporate history with respect to the date of accrual of a cause of action. It is noteworthy that Alabama Code §§ 6-3-7(a)(3) and 6-3-7(a)(4) do reference accrual of the cause of action.
 

 “The legislature put language regarding the accrual of the cause of action in §§ 6-3-7(a)(3) and 6-3-7(a)(4), but it is not in § 6-3-7(a)(2). ‘In any case involving statutory construction, [this Court’s] inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, [this Court’s] analysis ends there.’
 
 Ex parte McCormick,
 
 932 So.2d 124, 132 (Ala.2005) [(quoting
 
 Ex paHe Moore,
 
 880 So.2d 1131, 1140 (Ala.2003)) ].
 

 “The language of [§ ]6-3-7 is plain.”
 

 Movie Gallery’s reply brief, at 7-8. We agree; Nixon’s argument has no merit.
 

 Nixon also argues that Ott’s affidavit does not allege “that Movie Gallery US LLC became the successor in interest to-Movie Gallery Services, Inc., prior to the accrual of this lawsuit (October 30, 2004) or prior to its filing (October 27, 2007 [sic — 2006]).” Nixon’s brief, at 9. We note that both Movie Gallery US LLC and Movie Gallery Services, Inc., are named defendants in the complaint and that Nixon provides no legal argument regarding the alleged omission. “We have unequivo
 
 *112
 
 cally stated that it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.”
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994)(citing
 
 Spradlin v. Spradlin,
 
 601 So.2d at 78-79).
 

 The evidence before us in the pleadings presented by Movie Gallery, as the petitioner, and Nixon, as the respondent, show that Movie Gallery carried its burden of showing that venue is proper in Houston County. Nixon did not rebut Movie Gallery’s prima facie case showing that venue in Montgomery County was improper under § 6-3-7, Ala.Code 1975. To the extent, if any, that the trial court relied on the alleged failure of Movie Gallery to carry its burden, it erred. The language of Rule 82(d)(1), Ala. R. Civ. P., makes transfer of an action that is commenced in the wrong county incumbent on the trial court on timely motion by the defendant. The transfer of the action is mandatory.
 
 Ex parte Tidwell Indus., Inc.,
 
 480 So.2d 1201, 1202 (Ala.1985).
 

 Conclusion
 

 The arguments presented by Nixon in opposition to Movie Gallery’s motion for a change of venue to Houston County, where the Movie Gallery entities have their principal place of business, did not provide either a legal or evidentiary basis for the denial of the motion. Movie Gallery did not waive its right to assert the Rule 12(b)(3) defense of improper venue merely because it negotiated an extension of time to submit its answer to Nixon’s complaint. Movie Gallery asserted the defense in its first responsive pleading to Nixon’s complaint. Its motion for a change of venue was then timely submitted under Rule 82(d)(1), Ala. R. Civ. P. Rule 82(d)(2)(C)(i)-(iii), by its wording, does not apply to improper venue as of the commencement of the action, as claimed here. Accordingly, the trial court erred in denying Movie Gallery’s motion for a change of venue,
 
 Ex parte Scott Bridge Co.,
 
 834 So.2d 79, 81 (Ala.2002), and we issue the writ directing the Montgomery Circuit Court to vacate its July 27, 2007, order denying the motion for a change of venue and to transfer the case to Houston County.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and WOODALL, SMITH, and SHAW, JJ., concur.
 

 [1]
 

 . Movie Gallery, Inc., is the owner and parent company of Movie Gallery US LLC, which, in turn, is the successor in interest to Movie Gallery Services, Inc., and M.G.A., Inc.
 

 [2]
 

 . Section 6-3-7(a), Ala.Code 1975, provides:
 

 "All civil actions against corporations may be brought in any of the following counties:
 

 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 

 "(2) In the county of the corporation's principal office in this state; or
 

 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 

 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
 

 [3]
 

 . The parties have not provided a record of the proceedings of the April 30, 2007, hearing.
 

 [4]
 

 . The extension of time here was by agreement of counsel, rather than by order of the court under Rule 6(b), Ala. R. Civ. P. The
 
 *111
 
 legal effect of such an agreement is not at issue here.